**In re PHILADELPHIA & READING COAL & IRON CO.**

**Appeal of SCHRAGER et al.**

**No. 7072.**

Circuit Court of Appeals, Third Circuit.

May 4, 1939.

Rehearing Denied May 15, 1939.

Archibald Palmer, of New York City, and Jenkins, Bennett & Libby, of Philadelphia, Pa. (Archibald Palmer and Samuel Masia, both of New York City, on the brief), for appellants.

Alan Hays, of New York City, for New York Bondholders Committee.

David Bortin, of Philadelphia, Pa., for New York debenture holders.

Carl W. Funk and Henry S. Drinker, Jr., both of Philadelphia, Pa., for committee.

W. James MacIntosh and Arthur Littleton, both of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for Philadelphia & Reading Coal & Iron Co. appellee.

Allen Hunter White and Frederic L. Ballard, both of Philadelphia, Pa. (Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., of counsel), for Schofield Andrews, Reid Kennedy, George A. Barne-

wall, William F. Walsh and Cornelius A. Sullivan, Protective Committee for Holders of Philadelphia & Reading Coal & Iron Co. Twenty-Year Convertible 6% Debenture Bonds.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

### MARIS, Circuit Judge.

Section 156 of the Bankruptcy Act as amended by the Chandler Act, 11 U.S.C. § 556, 11 U.S.C.A. § 556, provides that upon the approval of a petition for reorganization under Chapter X the judge shall appoint one or more trustees if the indebtedness of the debtor is $250,000 or over. Section 276(c) (2), 11 U.S.C. § 676(c) (2), 11 U.S.C.A. § 676(c) (2), provides that if the petition was approved more than three months before the effective date of the amendatory act, the provisions of amended Chapter X shall apply to the proceeding to the extent that the judge shall deem their application practicable. No similar provision was contained in Section 77B, 11 U.S.C. § 207, 11 U.S.C.A. § 207, for which section the Chandler Act substituted Chapter X, 11 U.S.C. § 501 et seq., 11 U.S. C.A. § 501 et seq.

In the reorganization proceeding of the Philadelphia and Reading Coal and Iron Company, a debtor having debts of over $250,000, the debtor's petition was approved by the District Court for the Eastern District of Pennsylvania on February 26, 1937, over eighteen months before the effective date of the Chandler Act (September 22, 1938), and the debtor was continued in possession by an order entered on the same day. On January 5, 1939, the appellants petitioned the District Court to appoint a trustee under Chapter X upon the ground that it was practicable and desirable to do so. That petition was referred to a special master to take testimony and it is still pending in the District Court. On March 7, 1939, the appellants filed in the District Court a second petition for the appointment of a trustee under Chapter X, averring that the provisions of Sections 156 and 276(c) (2) of that chapter made the appointment of a trustee mandatory. An answer was filed and after hearing on petition and answer the court denied the petition. This appeal followed.

The sole question before us is whether in the circumstances here present the appointment of a trustee is mandatory. This question must be answered in the negative. By the very terms of Section 276(c) (2) of Chapter X of the Bankruptcy Act the provisions of the Chapter were to apply to reorganization proceedings instituted before June 22, 1938, only to the extent that the district judge should deem their application practicable. The report of the Senate Committee on the Judiciary upon the bill discloses that it was the intention of Congress to vest a full discretion in this matter in the district judge. Senate Report No. 1916, 75th Cong. 3d Sess.

It follows that the provisions of Section 156 are not to be applied to a prior proceeding unless the district judge, in the exercise of the discretion which the law has vested in him, deems their application practicable. Practicable, as used in the act, is not synonymous with possible, but means feasible, fair and convenient. In re Old Algiers, 2 Cir., 100 F.2d 374; Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co. v. Indianapolis, Columbus & Southern Traction Co., 169 Ind. 634, 81 N.E. 487; 3 Words and Phrases, Second Series, p. 1109. The fact that in every case it would be possible to appoint a trustee is immaterial. It is, therefore, unnecessary to consider whether the provisions of Section 156 which require the appointment of a trustee at the inception of the proceeding were intended in any case to be applied at a later stage of a proceeding previously begun in which the court had directed the debtor to remain in possession.

This appeal presents no question as to whether the court abused its discretion in refusing to apply Section 156 since the petition which the appellants filed seeking a discretionary application of that section is still pending in the District Court. The facts upon which the exercise of that court's discretion must be based are not contained in the record on this appeal. The District Court did not err in holding that the provisions of Section 156 are not required as a matter of law to be applied to a prior proceeding merely because they are possible of application and without any consideration of the prior course of the proceeding.

The order of the court below is affirmed.