## HI-FLIER MFG. CO. v. HABERMAN.

### No. 106.

Circuit Court of Appeals, Second Circuit.

Dec. 2, 1940.

Abraham L. Popper, of New York City (Arthur Hutter, of New York City, on the brief), for appellant.

Feiring & Bernstein and Samuel N. Haberman, all of New York City (Michael Feiring, Barney Bernstein, and Eugene A. Cantor, all of New York City, on the brief), for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The question presented for review herein is whether, upon an adjudication of bankruptcy in proceedings commenced for an arrangement under Bankruptcy Act, Chapter XI, proof of claim must be filed within three months, or within six months, of the first date set for the first meeting of creditors. The shorter period is provided by Bankruptcy Act, § 355, 11 U.S.C.A. § 755, applicable where an adjudication is had in a Chapter XI proceeding; the longer period is that provided by § 57, sub. n, 11 U.S.C.A. § 93, sub. n, for ordinary bankruptcies. The question is not of moment, except where, as here, the adjudication followed hard upon the initiation of proceedings—within less than a month, since the debtor was unable to file the bond ordered by the referee. Hence here we have a claim offered more than three months after the adjudication and first meeting, but within six months after even the initiation of proceedings. The referee thought that as a matter of equity and statutory construction the claimant could have the additional time under the circumstances which § 57, sub. n, would provide; but the district court reversed the order granting leave to file and held that since § 355 alone applied, the proof

of claim was too late. Claimant's appeal brings before us this matter of statutory interpretation, which apparently has not been considered in any reported decision, except for the dictum upon which the court below relied in Re Dorb The Chemist Pharmacies, D.C.S.D.N.Y., 29 F.Supp. 832.

 We agree with the court below that the time limit, and the only one, is three months from the first meeting of creditors set under § 55, sub. a, 11 U.S.C.A. § 91, sub. a. The language is all-inclusive and is part of a complete statutory scheme. It provides: "Upon the entry of an order under the provisions of this chapter directing that bankruptcy be proceeded with, only such claims as are provable under section 63 [103] of this Act [title] shall be allowed and, except as provided in section 354 [754] of this Act [title], claims not already filed may be filed within three months after the first date set for the first meeting of creditors, held pursuant to section 55 [91] of this Act [title], or, if such date has previously been set, then within three months after the mailing of notice to creditors of the entry of the order directing that bankruptcy be proceeded with."·

It is to be noted that § 354, 11 U.S.C.A. § 754, prohibits the filing of claims where a Chapter XI petition is filed in a bankruptcy case and the claims have not been filed within the six months allowed in bankruptcy proceedings. That is, all contingencies seem to be covered to provide that neither initial nor subsequent proceedings for arrangement shall delay settlement or provide for additional time for filing claims. It is to be noticed that appellant's claimed construction must be limited to the particular situation here disclosed, for which there is no warrant in the statutory language; or it must always give 'the creditors six months' additional time, no matter how long the arrangement proceedings have been pending, and thus nullify the obvious purpose of the provision. Only rarely will the arrangement proceedings be so quickly terminated as here; and the legislators may well have thought that the opportunity generally to cut short unusual delay outweighed this rare case of unique promptness, especially since three months is by no means a peremptory limitation.

Other new forms of bankruptcy proceedings have like complete and self-contained provisions for filing claims: § 238 for Chapter X; § 459 for Chapter XII; § 644 for Chapter XIII, 11 U.S.C.A. §§ 638, 859, 1044. These provisions were presumably in the minds of the draftsmen of the Chandler Act when· they stated that the general limitations set forth in § 57, sub. n, should apply "except as otherwise provided in this Act [title]."

 In the present case there is no claim that appellant did not know that this began as a Chapter XI proceeding. Lest a trap be set for claimants generally, the referee, in sending out notices of the first meeting of creditors after bankruptcy has been adjudicated, should make clear in cases such as the present one that the proceedings were originally begun under Chapter XI, and hence that the time limitations of § 355 apply.

Affirmed.