In re MARINE STEVEDORING CORPO-
RATION.

HANDFORD v. UNITED STATES.

No. 9487.

Circuit Court of Appeals
Third Circuit.

Argued June 11, 1948.
Decided Aug. 18, 1948.

Roger M. Yancey, of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., H. G. Morison, Asst. Atty. Gen., and A. B. Holman, Atty., Department of Justice of Washington, D. C., on the brief), for appellant.

Herman W. Klausner, of Jersey City, N. J. (Carey & Lane, of Jersey City, N.J., on the brief), for appellee.

Before BIGGS, GOODRICH, and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

The question attempted to be presented by the parties in the appeal at bar, though not by the record, is whether the United States is barred from filing[1] a claim based on fraud by Section 57, sub. n of the Bankruptcy Act as amended, 11 U.S.C.A. § 93 sub. n. The court below, affirming a decision of the referee in bankruptcy, held that the claim of the United States was barred by the statute cited. The appeal at bar followed.

The record in the case at bar is so incomplete that we have had great difficulty in attempting to ascertain the operative facts and even now are not sure that we have done so. The pertinent circumstances must be ascertained upon remand but we think there is enough in the record as supplemented by a certification by an employee in the office of the referee in bankruptcy[2] to demonstrate the error of

---

[1] It is not clear from the record when the claim was offered for filing to the referee. The date is stated in the briefs of the parties as "on or about August 7, 1946". The precise date is immaterial for the reasons stated in this opinion.

[2] The following order was made by this court to the end that the inadequate record filed herein might be supplemented: "And now, to wit, this 23rd day of July, 1948, it is ordered that the Clerk of the District Court of the United States for

the parties and of the court below. It appears from the docket entries that on October 26, 1943 a petition was filed by the bankrupt, then a "debtor," pursuant to Chapter XI of the Bankruptcy Act. A receiver was appointed on October 30, 1943. What actually transpired in the ensuing six months period is not clear but we may assume that no Arrangement could be effected under Chapter XI for on May 17, 1944 the referee in bankruptcy caused a notice to be mailed to the creditors of Marine Stevedoring Corporation, viz. "To the Creditors of the Above Named Bankrupt," [3] stating that "Notice is hereby given that on the 12th day of May, 1944, an order was entered withdrawing the plan of arrangement and adjudicating the debtor a bankrupt. Proofs of claim with itemized statement of account, must be legally proved; * * * They must be proved within three months of the date hereof and filed with the * * * Referee." This notice was dated May 17, 1944, and signed by the referee to whom the matter stood referred. A trustee in bankruptcy was appointed by the referee on May 20, 1944 according to the docket entries and on the same day (probably at a slightly later time as suggested by the order of the docket entries) an order was made adjudging the debtor a bankrupt pursuant to Section 376(2) of the Bankruptcy Act, 11 U. S.C.A. § 776(2). Apparently *the first meeting of creditors* was not held [4] by the referee pursuant to Section 55 of the Bankruptcy Act, 11 U.S.C.A. § 91, as required by Section 355 of the Bankruptcy Act, 11 U.S.C.A. § 755, albeit the notice to file claims quoted above was sent out in accordance with Section 355 of the Bankruptcy Act. Apparently the referee "continued" as trustee in bankruptcy the trustee appointed in the Chapter XI proceeding, whether the latter came into office just prior to the adjudication in bankruptcy or eight days later.[5] See note 2 supra.

Upon remand the referee in bankruptcy must set a date for *the first meeting of creditors* and give notice thereof pursuant to Section 55 as required by Section 355 of the Act. Thereafter, all creditors, save those who have special status by reason of the provisions of Section 57, sub. n of the Bankruptcy Act, to be dealt with hereinafter, must file their claims within three months as required by Section 355 if not

---

the District of New Jersey forthwith certify to the Clerk of this Court a copy of the notice setting the first date for the first meeting of creditors of the above named bankrupt as the same shall be certified to him by the referee to whom the above entitled matter stands referred."

A certified copy of this order was forwarded to the Clerk of the District Court for the District of New Jersey who responded to it by causing the office of the referee in bankruptcy to communicate with the writer of this opinion by the letter set out in note 4 infra, enclosing a certified copy of the notice set out in the body of the opinion and a certification that that notice was mailed to the creditors named in the bankrupt's schedule.

We take occasion to point out that the records of the referees in bankruptcy are records of the respective district courts of the United States and that the clerks of the district courts may certify such records on certification to them by the referees.

The Clerk of this court will be directed to place the communication from the referee and its attendant papers with the record in this case.

[3] The notice recites that an order was made adjudicating the debtor a bankrupt on May 12, 1944. The docket entries show that an order was entered adjudicating the debtor a bankrupt pursuant to Section 376(2) of the Bankruptcy Act, 11 U.S.C.A. § 776(2), on May 20, 1944. We will assume the docket entries to be correct in respect to this matter which is immaterial insofar as the real issue presented by the appeal is concerned.

[4] In a letter to the present writer dated July 27, 1948, signed by the referee in bankruptcy by an agent, purportedly in compliance with the order of this court referred to in note 1, supra, the following is stated: "I herewith enclose proof of mailing notice of time for filing claims. In as much as the trustee, nominated in the Chapter XII proceedings, was appointed in the bankruptcy, the enclosed notice [quoted in the body of this opinion] was mailed in accordance with Section 355 of the Bankruptcy Act. No notice of first meeting was mailed."

[5] No reason appears in the record to justify the appointment of a trustee in a Chapter XI proceeding at such a late date. Such a practice, if it was effected, has the effect of circumventing the provisions of Section 55.

filed during the course of the Chapter XI proceeding. In this connection attention is directed to the clear and explicit opinion of Judge Chesnut of the District Court of Maryland in In re Credit Service, 38 F. Supp. 761, and in particular to the contents of pages 763, 764. See also the opinion of Judge Clark in Hi-Flier Mfg. Co. v. Haberman, 2 Cir., 115 F.2d 918, and the opinion of Judge Chesnut in In re Credit Service, D.C.D.Md., 45 F.Supp. 890, 892, 893. See also Collier on Bankruptcy, Vol. 8, 14th Ed., p. 1011. What these authorities have so well stated need not be repeated in this opinion.

█ Claims of the United States or of any State or subdivision thereof are awarded a special period for filing under Section 57, sub. n, which in pertinent part provides: " * * * all claims provable under this Act, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however, That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or subdivision thereof. * * *" Claims of the United States are barred only under Section 57 sub. n, which bars them if not filed within six months after the first date set for the first meeting of creditors unless an extension be procured as provided by the statute. In this connection attention is called to the well considered opinion of Judge Goddard in In re Dorb The Chemist

Pharmacies, D.C.S.D.N.Y., 29 F.Supp. 832, 833, 834, in which it is stated: "Section 57, sub. n, of the Bankruptcy Act was amended by the Chandler Act, 11 U.S.C.A. § 93, sub. n, to provide that all claims, including claims of the United States, or any state or subdivision thereof, must be filed within a six months' period. The amendment expressly includes them so as to bar such claims after six months. Such claims are barred only under § 57, sub. n, of the Bankruptcy Act which bars them if not filed within six months after the first date set for the first meeting of creditors. Evidence that the Congress intended the six months' period to apply to such claims when reorganization under Chapter XI failed and adjudication ordered, is found in § 378, sub. 2 of the Bankruptcy Act, 11 U.S.C.A. § 778, sub. 2, which provides that when in a Chapter XI proceeding, bankruptcy is directed to be proceeded with, the proceeding thereof shall be conducted as far as possible 'in the same manner and with like effect as if a bankruptcy petition for adjudication in bankruptcy had been filed * * *.' It seems clear therefore that the Congress in enacting the Chandler Act expressly intended the six months' bar to cover claims of the United States, a state, or a municipality, for if the Congress had desired to make the three months' bar apply to such claims, it would undoubtedly have included them in § 355."

Since *the first meeting of creditors* has not been held [6] as required by Section 55 of the Bankruptcy Act the time limit imposed by Section 57, sub. n, upon the filing of claims by the United States has not yet begun to run and the claim of the United States based on fraud is not barred.[7, 8]

---

[6] The record does not disclose that a first meeting of creditors as required by Section 55 of the Bankruptcy Act has been held or that any notice of a meeting was given. The briefs of the parties are ambiguous on these points. The brief of the appellant speaks of "* * * notices * * * directed [in] accordance with the usual practice of the United States District Court * * *." The brief of the appellee contains a substantially similar statement.

[7] No notice of the first meeting of creditors has been certified to us by the Clerk of the District Court in accordance with our order of July 23, 1948.

The referee's office, however irregular the form of the communication, states categorically that no notice of a first meeting of creditors was dispatched. Under the circumstances we think it may be assumed that no notice as required by the Act was given and, in the interests of expedition it has seemed desirable to dispose of the substantial question presented by the appeal without the delay necessarily encumbent upon the procurement of an adequate and proper record.

[8] We note parenthetically, that the attorney for the United States is under the impression (see p. 1 of his brief)

Under the circumstances it would be bootless to embark upon any interpretation of the provisions of Section 57, sub. n, as to whether a claim of the United States based upon fraud would be barred if not filed within six months after the first date set for the first meeting of creditors or within such extension of time as might have been granted by the court.

The judgment of the court below will be vacated and the case will be remanded with directions to proceed in conformity with this opinion.

that the bankrupt prior to its adjudication was in an equity receivership in the New Jersey Court of Chancery. Compare the docket entries in the case at bar. This is the only suggestion of a proceeding in a State court contained in any of the papers. In any event any proceeding in equity is irrelevant to the issue which was before the court below.