**In re WHITE'S JEWELERS, Inc.**
**No. 11290.**

United States District Court
E. D. Missouri, E. D.
Dec. 20, 1949.

Gleick & Strauss and Harry S. Gleick, of St. Louis, Mo., for trustee.

Max Sigoloff and James D. Dockery, of St. Louis, Mo., for petitioning creditor.

**146**

HULEN, District Judge.

Paul Grunmann here seeks review and reversal of order of Referee in Bankruptcy denying his claim on the ground it was barred by limitation because not filed within three months after the first date set for the first meeting of creditors.

The case originated under § 322, Chap. XI of the Bankruptcy Act, 11 U.S.C.A. § 722. Following reference and during the Chapter XI proceedings before the Referee in Bankruptcy certain creditors (other than petitioner) filed a petition to have debtor adjudged a bankrupt, as provided in § 376, Chap. XI of the Act, 11 U.S.C.A. § 776. The notice to the creditors advising them of the filing of the petition for an order of adjudication included the following: "In the event an order of adjudication is entered, the first meeting of creditors will be held at the same place and time, at which meeting creditors may * * *" etc.

Determination of the correctness of the order rejecting petitioner's claim turns on validity of the quoted portion of the alleged notice to creditors. Can a notice of creditors' meeting in bankruptcy, as required by § 55, 11 U.S.C.A. § 91, be given prior to the adjudication of bankruptcy, and while the debtor is still under Chapter XI jurisdiction? I have reached the conclusion the answer is no.

In this case the debtor filed a petition for arrangement on August 10, 1948. On September 7, 1948 the first meeting of creditors in the Chapter XI proceeding was held. It was continued to September 20th. On the latter date the meeting was resumed and at that time the petition seeking to have the debtor adjudicated a bankrupt was filed. The first meeting of creditors was then continued to October 8, 1948. The notice above referred to was mailed on September 27th and it advised the creditors that a hearing would be held on October 8, 1948 on the petition seeking adjudication in bankruptcy. On October 8th the hearing on the petition to adjudicate was continued to October 11, 1948 and on October 11th an adjudication order was entered. The special meeting was then closed on October 11th and the first meeting of creditors in bankruptcy immediately held, pursuant to the statement contained in the notice of September 27, 1948. If the notice is valid the last day for filing claims was January 11, 1949. Petitioner filed his claim February 24, 1949.

All parties are in agreement that § 355 of Chapter XI controls on the question presented. It reads as follows: "Upon the entry of an order under the provisions of this chapter directing that bankruptcy be proceeded with, only such claims as are provable under section 63 of this Act shall be allowed and, except as provided in section 354 of this Act, claims not already filed may be filed within three months after the first date set for the first meeting of creditors, held pursuant to section 55 of this Act, or, if such date has previously been set, then within three months after the mailing of notice to creditors of the entry of the order directing that bankruptcy be proceeded with."

Section 355 prescribes the time within which claims may be filed in subsequent bankruptcy proceedings where bankruptcy is directed in either a § 321 or a § 322 case. We need not be concerned with the application of § 355 to a § 321 proceeding.

■ The Referee concluded and we agree that the last clause of § 355 ("or, if such date has previously been set, then within three months after the mailing of notice to creditors of the entry of the order directing that bankruptcy be proceeded with") applied only to cases of suspended bankruptcy arising under § 321 of Chapter XI. Exclusion of § 322 of Chapter XI proceedings from operation of the clause last quoted of § 355 does not result from any restriction of meaning appearing in the clause itself but because, viewing the Bankruptcy Act in its entirety, to us it is legally impossible for the proceedings to come within the clause. We say this because notice of the first meeting of creditors under § 55 may not in our opinion be given prior to the entry of order of adjudication under § 376(2) of Chapter XI. Until the entry of the order of adjudication on October 11, 1948, this was a Chapter XI proceeding. There is nothing in Chapter XI authorizing a notice

of meeting of creditors under § 55. It is true that § 315 of Chapter XI authorizes the combining of notices but a reading of § 315 shows that by its very terms the notices referred to are those authorized by Chapter XI.

Collier on Bankruptcy (14th Ed. P. 7.25, p. 1011, "Creditors in General") is cited in support of the Referee's order. We do not so read that authority. We quote the following: "In a § 322 case, there can be no meeting held *or called* pursuant to § 55 *during* the administration or the case under Chapter XI, * * *. But it is an obvious conclusion from § 355 that if an order directing bankruptcy is entered in a § 322 case, *a date must thereafter be set for a first meeting of creditors held pursuant to § 55.*" (Emphasis added.)

The case of In re Credit Service, D.C., 38 F.Supp. 761; 763, cited in the Referee's memorandum, is not consistent with the order rejecting petitioner's claim. The opinion in that case reads: "And in (1) and (4), as no date for a first meeting *has previously been set, one must thereafter be set,* and claims 'may' (must) be filed within three months thereafter." (Emphasis added.)

The (4) refers to the previous statement of the Court—"Where Chap. XI was the initial proceeding."

And then we find this significant statement in the opinion: "It may also be added that inquiry made by counsel with regard to the practice of referees in some of the larger metropolitan areas develops the information that *it is the general practice there in situations similar to the instant case, to call a first meeting of creditors in accordance with section 91(55) after the order of adjudication is made in a Chap. XI proceeding.*" (Emphasis added.)

We find nothing in § 355 indicating that the requirements of § 55 can be dispensed with. On the contrary, the language "Upon the entry of an order under the provisions of this chapter directing that bankruptcy be proceeded with, * * * claims not already filed may be filed within three months after the first date set for the first meeting of creditors, held pursuant to section 55 of this Act, * * *." would seem to leave no doubt on the subject. We think the terms of § 355 in this respect are directive. § 355 establishes a new period of limitation for filing of claims and no more.

To hold in this case that the notice of the first meeting of creditors in bankruptcy could be given prior to entry of the order of adjudication would seem to bring the case within the last clause of § 355, where "such date has previously been set". We do not think this the correct interpretation of the statute for the reasons we have above set forth.

However laudable may be the effort of the Referee to effect a saving in expense and time, it cannot justify the failure to follow the provisions of the statute. It may be true, as trustee argues, that the Referee knew beforehand the debtor would have to be adjudicated a bankrupt, but it does not follow that all the creditors had this information. A rule of law on this subject, we must all agree, should apply uniformly in all cases. Here the alleged notice of the first creditors' meeting is not in fact a notice that a creditors' meeting would be held. It was a notice that, contingent upon the Court adjudicating the debtor bankrupt, there would be a first meeting of creditors, without any notice going out to creditors that there had been an adjudication in bankruptcy. Under this form of notice, the creditors had to assume that the debtor was adjudicated bankrupt, in fact prejudged, before they would be barred by the holding of the creditors' meeting on the day conditionally specified in the notice. It may be simple, as is argued in this case, for local creditors to call or visit the Referee's office and find out whether or not there was an adjudication, but it would be more difficult for creditors in distant states and cities to obtain that information. In any event creditors must make an independent investigation to determine if the notice given is in fact what it purports to be. A notice so burdened does not rise to the dignity of a notice in law. These uncertainties are eliminated if the statute is followed.

■ On the question of estoppel, nowhere is there a finding that the petitioner took part in any of the bankruptcy proceedings, that he was present at the time the adjudication in bankruptcy was made, or at any subsequent meeting in connection with debtor's estate. We do not think participation in the Chapter XI proceedings bars the petitioner from questioning the validity of subsequent bankruptcy proceedings.

For the foregoing reasons we will reverse the order of the Referee rejecting the claim of petitioner and remand the cause for further proceedings in accordance with this memorandum, which will require prompt fixing of a date for the first meeting of creditors in accordance with § 55, and giving appropriate notice thereof, and claims of creditors not heretofore filed may be filed within three months of the date set.

Let appropriate order be presented.