**John M. ENGLAND, Trustee of the Estate of Goodrich Manufacturing Company, a Co-partnership Consisting of Coy C. Goodrich and Lulu Goodrich, Bankrupt, Appellant,**

v.

**Kal W. LINES, Appellee.**

**No. 15497.**

United States Court of Appeals Ninth Circuit.

Nov. 5, 1958.

James M. Conners, Stanley M. Mc-Leod, Vernon D. Stokes, San Francisco, Cal., for appellant.

Louis J. Glicksberg, Lawrence Goldberg, San Francisco, Cal., for appellee.

Coy C. Goodrich, in pro. per.

Before DENMAN, BONE and ORR, Senior Circuit Judges.

DENMAN, Senior Circuit Judge.

John M. England (hereafter appellant), the trustee in bankruptcy of the estate of Coy C. Goodrich, appeals from a decision of the District Court for the Northern District of California, vacating the referee's order which appointed England trustee.

Facts: The underlying action was initiated by the petition of Coy C. Goodrich on May 24, 1954, for an arrangement with his creditors under Section 722 of Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. Before the arrangement was confirmed Goodrich moved for dismissal of his petition, but his creditors resisted his motion and the referee ordered that bankruptcy be proceeded with, in accordance with 11 U.S. C.A. § 776(2). This order was issued on May 16, 1956. The event giving rise to the present controversy was the issuance of a notice by the referee on June 25, 1954, to Goodrich's creditors, setting July 12, 1954, as the date for the first meeting of creditors, and requiring that "claims must be presented * * * within six months * * *" after that meeting. No trustee was appointed at that meeting. The claims of the creditors who subsequently voted for appellant as trustee represent those filed within the six months.

Following abandonment of the petition for an arrangement and the issuance of the order that bankruptcy be proceeded with, on May 29, 1956, a new meeting of creditors was held. At that meeting the eleven creditors who had filed their claims within six months of the July 12, 1954, meeting voted for appellant as trustee. Though they were admitted creditors in the Goodrich schedules the referee refused to count fifty-one votes cast by one Kal W. Lines, as holder of powers of attorney from fifty-one creditors, for himself. The ground for the referee's disallowance of these votes was that the

underlying claims had not been filed within six months of July 12, 1954, as required by the referee's notice. Appellant was appointed trustee. Lines, as the representative of the fifty-one creditors whose powers of attorney he held, petitioned the District Court for review of the order appointing appellant trustee, under 11 U.S.C.A. § 67, sub. c. The District Court vacated that order and remanded, holding that the referee had no power, under the controlling provisions of the Bankruptcy Act, to limit voting powers of creditors by limiting the time for filing claims in his notice of June 25, 1954.

Appellant appeals this decision to this court under 11 U.S.C.A. § 47. He contends 1) That appellee Lines, as the holder of mere voting powers of attorney had no standing to seek review in the District Court of the referee's order; and 2) That the District Court erroneously interpreted the Bankruptcy Act.

**Did Appellee Have Standing To Appeal The Referee's Order To The District Court?**

The power of attorney given appellee by the claimants for whom he acted as attorney in fact expressly authorized him to cast votes for a trustee in bankruptcy but included no express authority to seek review of orders of the referee. Appellant contends that unless such authority was *expressly granted* in his powers of attorney, appellee has no standing to pursue the appeal below. Appellee's position is that such a power—to seek judicial review of orders of the referee—is *implied* as a natural corollary of his authorization to vote, since to effectively exercise his voting power he must be able to seek judicial reversal of any order by the referee which improperly invalidates the voting rights of the claimants he represents. Appellee concedes that he has no standing to appeal in his individual capacity, that whatever standing he has he derives from his power of attorney.

■ The rule of construction which generally determines the scope of an agent's implied powers is that an agent

has, "unless otherwise agreed, authority to do acts which * * * are reasonably necessary to accomplish [the purpose of the agency]." Restatement of Agency, § 35. This rule was the basis for the finding of the lower court that:

"In my opinion, the power specifically given therein to vote for trustee includes power to protect that vote by seeking a review of the order of the Referee appointing a trustee in disregard of such vote. The motion to dismiss is denied."

■ Appellant argues that this rule should not be applied in the instant case for the following reasons:

1) Because appellee, and not the creditors, was the "true party in interest." Appellant suggests that appellee sought review of the referee's order not for the benefit of his claimants but on his own behalf, because he wanted to be trustee. This argument is irrelevant. If appellee's authorization included the power to seek review, appellee's hidden motives would not seem to affect his otherwise appropriate exercise of that power.

2) In re Phoenix Dress Co., 7 Cir., 1942, 131 F.2d 726, 727, is relied upon by appellant. There the trustee filed his petition for review in his own name and not as attorney in fact for the creditors. The opinion, in a dictum, treats the Supreme Court Form 18 power of attorney as limited by a letter stating that:

"The power of attorney being given is merely for the purpose of voting your claim for the nominee of your committee, for trustee in bankruptcy and the attorney in fact will be guided by your committee. It is understood that no other powers are to be vested in the Attorney-in-Fact * * *."

The decision has no applicability in the instant case.

■ II. *Did Creditors, Listed In The Debtor's Schedules, Who Had Failed To File Claims Within Six Months After The "First Meeting Of Creditors" During The 11 U.S.C.A. § 722 Arrangement*

*Proceeding, Nevertheless Have Voting Rights At The "First Meeting Of Creditors" Of The 11 U.S.C.A. § 777(2) Bankruptcy Proceeding?*

11 U.S.C.A. § 778(2) entitled *"Procedure upon order directing that bankruptcy be proceeded with"* applies to the instant facts as follows:

"(2) in the case of [a petition for arrangement not preceded by a bankruptcy proceeding, as involved here], the proceeding shall be conducted, so far as possible, * * * as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed; and the trustee nominated by creditors under this chapter shall be appointed by the court, or, *if not so nominated* * * * *a trustee shall be appointed as provided in section 72 of this title.*" [Emphasis added.]

In the instant case, no trustee was nominated during the arrangement proceedings. Therefore Section 72 controls appointment of a trustee:

"The creditors of a bankrupt * * * shall, at the first meeting of creditors after the adjudication * * * appoint a trustee * *."

A. The referee disallowed appellee's votes on the ground that they were not "creditors" within the meaning of Section 72. His reasoning is as follows:

1) Section 702 of Chapter 11 states that the provisions of Chapters 1 to 7 shall be applicable to Chapter 11 proceedings wherever they are not inconsistent with the provisions of Chapter 11. In applying the provisions of those chapters, "the date of adjudication shall be taken to be the date of the filing of the petition [for an arrangement] under section * * * 722 of this title."

2) Nowhere in Chapter 11 is there specified a time limit within which claims must be filed. This leaves a gap which must be filled by looking to the provisions of Chapters 1 to 7.

3) Section 93, sub. n of Chapter 6 fills this gap as follows: "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * * *"

Section 91, sub. a states that the "first meeting of creditors" is the meeting ordered by the court between ten and thirty days after adjudication. The date of adjudication, when used in relating the provisions of Chapter 1 through 7 to a Chapter 11 proceeding refers to the date of filing the petition for arrangement.

4) *Conclusion:* Having failed to submit their claims within six months after adjudication [July 2, 1954], as required by Section 93, sub. n, appellees were not "creditors" and could not participate in the election of a trustee under Section 72.

The difficulty with this line of reasoning is that Chapter 11 clearly makes appellees "creditors" for the purpose of sharing in the bankrupt estate. Pinpointed, the referee erred in step #2, supra, of his chain of reasoning. While he was correct in finding that Chapter 11 imposes no time limit for filing claims, he failed to note that Section 93, sub. n (six months filing limit) is nevertheless inconsistent with the express provision of Chapter 11 that *all* creditors shall share in the Chapter 11 distribution provided only that their claims "(b) *whether or not filed* [here] *have been scheduled by the debtor* and are not contingent, unliquidated, or disputed * * *" 11 U.S.C.A. § 767(3). [Emphasis added.] The inconsistency between this section of Chapter 11 and Section 93, sub. n of Chapter 6, providing that *all* claims, to be allowed, must be *filed* within six months, seems clearly to bar any incorporation of Section 93, sub. n into Chapter 11.

B. The second thread of reasoning in support of the referee's decision was this:

1) When, under § 777(2) of Chapter 11, it is ordered that bankruptcy be proceeded with, the proceedings are then entirely governed by the provisions of Chapters 1–7 (11 U.S.C.A. § 778(2)). Section 93, sub. n thenceforth controls the duties of creditors to file claims.

2) "The first meeting of creditors" under Section 93, sub. n must refer to the first meeting after the filing of the Chapter 11 petition, in the present case, that of July 12, 1954, and claims not filed six months hence must be disallowed.

Judge Goodman appropriately answered this argument [In re Goodrich Mfg. Co., 168 F.Supp. 943]:

"But, this does not mean that the original meeting of creditors in the arrangement proceeding is to be treated as the first meeting of creditors referred to in Section [93n.]. If it had such meaning, creditors who were still entitled to file in the arrangement proceedings at the time of its termination or creditors who, because their claims were fixed, liquidated, undisputed and scheduled, need not have filed at all in the arrangement proceedings, would abruptly and arbitrarily be foreclosed from participating in the bankruptcy proceeding."

*C.* The final rationale behind the referee's order is that Congress, by deleting in 1932 the specific proviso of Section 755 that "claims not already filed [at the time bankruptcy is ordered proceeded with] may be filed within three months after the first date set for the first meeting of creditors, held pursuant to section 55 of this Act" intended to leave such unfiled claims no time whatsoever in which to file. However the intent of Congress, as expressly stated in House Report 2320 on S. 2234, 82d Cong. 2d Sess. (1952) 17, was to give claimants *six months* after the arrangement proceeding had been transformed into one in bankruptcy, in which to file. Or, in the statutory language, the "first meeting of creditors" of Section 93, sub. n was intended to be the first meeting following the order to proceed with bankruptcy, and *not* the first meeting held pursuant to the petition for arrangement.

Judge Goodman's opinion, 168 F.Supp. 940, seems an excellent, clearly reasoned treatment of the issues raised. The judgment is affirmed.