**In the Matter of DEJAY STORES, INC., Bankrupt.**

United States District Court
S. D. New York.
July 17, 1963.

Ballon, Stoll, Shyman & Levine, New York City (Harvey R. Miller, New York City, of counsel), for petitioners.

Krause, Hirsch, Gross & Heilpern, New York City, for trustee.

EDELSTEIN, District Judge.

This is a petition for review of an order of the Referee in Bankruptcy appointing the New York Credit Men's Adjustment Bureau, Inc. as the Trustee of the bankrupt's estate. The petitioners herein, the American Credit Indemnity Co., a creditor, and Bernard Sands, Chairman of the official Creditors Committee, seek reversal of the order on the ground that the Bankruptcy Act does not provide the Referee with the authority unilaterally to appoint a trustee without first calling a meeting of creditors subsequent to the dismissal of the Debtor-in-Possession's Chapter XI petition and its adjudication in bankruptcy.

On October 15, 1962, at 12:58 p. m., Joan Iris Corp., Sanjo Dress, Inc., and Royal Frocks, Inc. filed an involuntary petition in bankruptcy against Dejay Stores, Inc. Bankruptcy Act, § 59 sub. b, as amended, 76 Stat. 571, 11 U.S.C.A. § 95, sub. b (Supp.1962). Two minutes later on the same day, at 1:00 p. m., Dejay filed its own petition proposing an Arrangement pursuant to the provisions of Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

On November 2, 1962, the Referee entered an order staying the ordinary bankruptcy proceedings. See Bankruptcy Act, § 325, 11 U.S.C.A. § 725. On November 9, 1962, the first meeting of creditors in the Chapter XI proceeding was held pursuant to Bankruptcy Act, § 334, 11 U.S.C.A. § 734.[1] At this meeting an official creditors committee was appointed and the Referee called for nominations for a trustee as provided by the Act. See Bankruptcy Act, § 338, 11 U.S.C.A. § 738. 8 Collier, Bankruptcy ¶ 5.49 (14th ed. 1941). Under § 338, a trustee who is nominated by the creditors does not serve while the Chapter XI proceeding is viable, but becomes active only in the event that the Chapter XI proceedings yield to an ordinary bankruptcy proceeding. If the Chapter XI proceedings are superseded by an ordinary bankruptcy, the nominated trustee is then appointed by the court.[2] At the creditors meeting held during the pendency of the Chapter XI proceeding two nominees were proposed for trustee but neither of them obtained the requisite majority in both number and amount of those creditors present and voting. The Referee thereupon ruled as follows: "Since neither party has a majority in number or amount, I declare no election. As a matter of fact, no nomination. In the event there is an adjudication then we will have to have a first meeting of creditors and have an election. In the meantime, if adjudication occurs I will appoint a receiver."

On November 29, 1962, the Referee directed Dejay to file a bond on or before December 11, 1962, to indemnify the estate against the possibility of subsequent loss or diminution. Bankruptcy Act, §

1. Section 334 of the Bankruptcy Act, 11 U.S.C.A. § 734 provides:

   "*Meeting of creditors; time; notice.*

   "Within ten days after the petition is filed the court shall give notice by mail to the debtor, the creditors and other parties in interest of a meeting of creditors to be held not less than fifteen days nor more than thirty days after the date of the mailing of such notice."

2. Section 338 of the Bankruptcy Act, 11 U.S.C.A. § 738 provides:

   "*Same; appointment of creditors committee; nomination of trustee*

   "At such meeting the creditors may appoint a committee, if none has previously been appointed under this title, and, if a trustee has not previously been appointed, may nominate a trustee who

shall thereafter be appointed by the court in case it shall become necessary to administer the estate in bankruptcy as provided under this chapter."

   "The word 'nominate' as used in § 338 has a restricted meaning. The various persons proposed for the office are not all 'nominated' for the office within the meaning of § 338. They are all proposed for the nomination, but only the person named by the requisite majority of creditors is the person 'nominated.'" 8 Collier, Bankruptcy ¶ 5.49 at 584 (14th ed. 1941).

   The word "court" as used in the Bankruptcy Act means "the judge or the referee of the court of bankruptcy in which the proceedings are pending." 11 U.S.C.A. § 1(9).

326, 11 U.S.C.A. § 726. Thereafter, on December 4, 1962, Judge Palmieri of this court granted the Securities and Exchange Commission's motion pursuant to § 328 of the Act, 11 U.S.C.A. § 728,[3] to dismiss the Chapter XI proceedings unless a petition pursuant to Chapter X, the corporate reorganization section, was filed within ten days of the date of his order. At the adjourned hearing ·on the indemnity bond and at the adjourned initial meeting, both of which were jointly held on December 11, 1962, counsel for Dejay stated that the required indemnity under Chapter XI had not been and would not be filed, and that the debtor would not file a Chapter X petition. Counsel for the creditors committee then moved for Dejay's adjudication as a bankrupt. The Referee granted the motion, dismissed the Chapter XI proceedings, adjudged Dejay a bankrupt, and directed that bankruptcy be proceeded with. See Bankruptcy Act § 327, 11 U.S. C.A, § 727.[4] Although the creditors had failed to nominate a trustee at the first meeting held pursuant to § 338 of the Act, 11 U.S.C.A. § 738,[5] the Referee without ordering that another first meeting of creditors be convened, *sua sponte* appointed a trustee to serve in the ordinary bankruptcy proceedings.

The petition for review presents as one of the issues for determination the question of whether the Referee's gloss of § 378 of the Bankruptcy Act, 11 U.S.C.A. § 778, as applied to the instant facts and circumstances, was correct. Section 378 of the Act, 11 U.S.C.A. § 778 provides:

"§ 778. *Procedure upon order directing that bankruptcy be proceeded with*

"Upon the entry of an order directing that bankruptcy be proceeded with—

"(1) in the case of a petition filed under section 721 of this title, the bankruptcy proceeding shall be deemed reinstated and thereafter shall be conducted, so far as possible, as if such petition under this chapter had not been filed; and

"(2) in the case of a petition filed under section 722 of this title, the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed; and the trustee nominated by creditors under this chapter shall be appointed by the

---

3. Section 328 of the Bankruptcy Act, 11 U.S.C.A. § 728 provides:
   "*Dismissal proceedings; amended petition*
   "The judge may, upon application of the Securities and Exchange Commission or any party in interest, and upon such notice to the debtor, to the Securities and Exchange Commission, and to such other persons as the judge may direct, if he finds that the proceedings should have been brought under chapter 10 of this title, enter an order dismissing the proceedings under this chapter, unless, within such time as the judge shall fix, the petition be amended to comply with the requirement of chapter 10 of this title for the filing of a debtor's petition or a creditors' petition under such chapter, be filed. Upon the filing of such amended petition, or of such creditors' petition, and the payment of such additional fees as may be required to comply with section 532 of this title, such amended petition or

creditors' petition shall thereafter, for all purposes of chapter 10 of this .title, be deemed to have been originally filed under such chapter."

4. Section 327 of the Bankruptcy Act, 11 U.S.C.A. § 727 provides:
   "*Same; failure to file bond*
   "Upon failure of the debtor to comply with such order for indemnity, as prescribed in section 726 of this title, the court may, after hearing upon notice to the debtor, the creditors' committee, if any has been appointed, and to such other persons as the court may direct, either adjudge the debtor a bankrupt and direct that bankruptcy be proceeded with pursuant to the provisions of this title or dismiss the proceedings under this chapter, as in the opinion of the court may be in the interest of the creditors."

5. Supra note 2.

court, or, if not so nominated or, if the trustee so nominated fails to qualify within five days after notice to him of the entry of such order, a trustee shall be appointed as provided in section 72 of this title."

The Referee proceeded on the theory that his authority unilaterally to appoint a trustee, under the circumstances, was derived from § 378(2). Underlying the Referee's application of § 378(2) was his holding that the Chapter XI petition filed by Dejay was an original petition filed pursuant to § 322 of the Act, 11 U.S.C.A. § 722,[6] i. e., a petition for an arrangement filed when no ordinary bankruptcy proceeding is pending. Section 321 of the Act, 11 U.S.C.A. § 721, provides that "A debtor may file a petition under this chapter in a pending bankruptcy proceeding either before or after his adjudication." The Referee, in directing that bankruptcy be proceeded with pursuant to § 778(2), held, in effect, that Dejay's Chapter XI petition was not filed in a pending bankruptcy for he questioned "whether the filing of an involuntary bankruptcy, minutes before the filing of the Chapter XI petition, justifies considering this case as one arising under § 321."[7]

The Referee's Findings of Fact are not contested and the dispute involves only his legal conclusions to which the "clearly erroneous" rule does not pertain. See 11 U.S.C.A. § 67, sub. c as amended, 11 U.S.C.A. § 67, sub. c (Supp.1962). In the Matter of Transatlantic and Pacific Corp., 216 F.Supp. 546 (S.D.N.Y.1963); In re Hot Springs Broadcasting, Inc., 210 F.Supp. 533 (W.D.Ark.1962); In re Novelty Belts Mfg. Co., 173 F.Supp. 461 (S.D.N.Y.1959). And the presumption of correctness which applies to a Referee's Findings of Fact does not apply to his Conclusions of Law. In the Matter of Tauber on

Broadway, Inc., 271 F.2d 766, 79 A.L.R. 2d 752 (7th Cir. 1959); Walker v. Commercial Nat. Bank, 217 F.2d 677 (8th Cir. 1954); In re Hot Springs Broadcasting, Inc., supra; In re Novelty Belts Mfg. Co., supra.

The petitioners contend that the appointment of a trustee by the Referee, pursuant to Section 378(2), without affording the petitioners and other creditors the opportunity to nominate and vote was in contravention of the Act. They urge that the Referee's construction of Dejay's petition for an Arrangement, as an "original petition" under § 322, was erroneous since the filing of an involuntary petition two minutes prior to the voluntary petition should not have been ignored. Therefore, the petitioners claim that the Referee should have considered Dejay's petition as a petition in a pending bankruptcy proceeding pursuant to § 321 of the Act and further, that the Referee should have followed the procedure of § 378(1) rather than the procedure of § 378(2). And they contend that if the § 378(1) procedure had been followed the administration of the Bankrupt's estate would have proceeded as an ordinary bankruptcy proceeding and thus a first meeting of creditors would have had to have been convened for the purpose of providing creditors with an opportunity to nominate and appoint a trustee. Bankruptcy Act, § 55, sub. a, as amended, 11 U.S. C.A. § 91, sub. a (Supp.1962); § 44, sub. a, 11 U.S.C.A. § 72, sub. a.

As an alternative argument, petitioners assert that assuming *arguendo* that the Referee correctly construed the Chapter XI petition to be an original petition under § 322—so that § 378(2) rather than § 378(1) should have been applied— the Referee still did not have the authority to appoint a trustee without first calling a meeting of creditors subsequent to the adjudication of bankruptcy.

---

6. Section 322 of the Bankruptcy Act, 11 U.S.C.A. § 722 provides:

"*Same; original petition*

"If no bankruptcy proceeding is pending, a debtor may file an original peti-

tion under this chapter with the court which would have jurisdiction of a petition for his adjudication."

7. Certificate of Review, p. 4.

■ In reply to these arguments, the appointed Trustee contends that the Referee was correct in ignoring the miniscule time differential between the filing of the respective petitions. He urges that fractions of a day are to be disregarded in the computation of time periods and that all transactions occurring on the same day are deemed to have occurred at the same instant of time. See In re Gubelman, 10 F.2d 926 (2d Cir. 1925), modified on other grounds sub nom. Latzko v. Equitable Trust Co., 275 U.S. 254, 48 S.Ct. 60, 72 L.Ed. 267 (1927); In re Susquehanna Chemical Corp., 81 F.Supp. 1 (W.D.Pa.1949); aff'd sub nom. Susquehanna Chemical Corp. v. Producers Bank & Trust Co., 174 F.2d 783 (3rd Cir. 1949); In re Ledbetter, 267 F. 893 (N.D.Ga.1920). Acceptance of the Trustee's contention would place the involuntary petition and the Chapter XI petition on a temporal par and perhaps justify the exercise of the Referee's discretion in deeming the Chapter XI petition as having been filed when no bankruptcy proceeding was pending. But the legal fiction that a day is an indivisible period of time will be disregarded and the court will determine and note the actual priority "where one day only is involved, and the rights of litigants depend on priority in time of two occurrences on that day, and the priority can be established." 2 Collier, Bankruptcy 1304 (14th ed. 1962). In re Ledbetter, supra, 267 F. at 896; In re Gubelman, supra; In re Susquehanna Corp., supra, 81 F.Supp. at 9. Therefore the Referee should not have ignored the time differential since by so doing he made a determination which served to deprive the petitioning creditors of their right to nominate and elect a trustee inasmuch as the creditors' rights to so elect may have depended on a finding of whether or not the Chapter XI petition was filed in a pending bankruptcy proceeding.

■ The appointed trustee urges the court to adopt a rule, applied in ordinary bankruptcy proceedings, to the effect that the filing of a voluntary petition subsequent to the filing of an involuntary petition results in considering the voluntary petition, rather than the involuntary petition as controlling. See 3 Collier, Bankruptcy ¶ 59.17 (14th ed. 1962). But this rule is concerned only with petitions filed in ordinary bankruptcy proceedings and is not applicable to the question of relative time priorities between an involuntary petition in bankruptcy and a petition for an arrangement. And this rule of priority should not be used in a situation such as presented by the instant facts where resort to it deprives petitioning creditors of rights obtained as a consequence of the filing of their involuntary petition. In re Gochenour, 64 F.2d 500 (2d Cir. 1933); International Silver Co. v. New York Jewelry Co., 233 F. 945 (6th Cir. 1916); In re Stegar, 113 F. 978, 979 (N.D.Ala.1902).

Furthermore, General Order 2, Bankruptcy Act, § 30, 11 U.S.C.A. following § 53, requires that "The clerk or the referee shall endorse on each paper filed with him the day, and in the case of the original petition, the day and hour, of filing." The prescription of this order suggests that the exact hour as well as the day when an original bankruptcy petition is filed is considered to be of importance in the administration of the Bankruptcy Act. See In re Ledbetter, supra. The appointed Trustee has attempted to show that this time-filing order is designed to deal with problems of bankruptcy administration not related to the question before the court. While the Trustee has indicated several instances where the time-filing order proved useful, it has failed to point out why the filing provision should be ignored herein as a means of determining which petition was filed first.

■ Consequently, the court concludes that the Referee erred in holding that the Debtor's petition for an arrangement was an original petition filed pursuant to § 322 rather than § 321. After the entry of the Referee's order directing that bankruptcy be proceeded with the Referee should have ordered

that the ordinary bankruptcy proceeding be reinstated and that bankruptcy should proceed in accordance with the provisions of § 378(1) of the Act.

Section 378(1), supra, provides that where an arrangement petition has been filed while a bankruptcy proceeding is pending and an order is subsequently entered directing that bankruptcy be proceeded with, "the bankruptcy proceeding shall be deemed reinstated and thereafter shall be conducted, so far as possible, as if such [arrangement] petition under this Chapter had not been filed."

In proceeding under § 378(1) the procedures followed in ordinary bankruptcy proceedings are applicable. See Chapters I–VII of the Act, 11 U.S.C.A. § 1–112. In ordinary bankruptcy the Bankruptcy Act, § 55, sub. a, 11 U.S.C.A. § 91, sub. a provides that "[t]he court shall cause the first meeting of the creditors of a bankrupt to be held not less than ten nor more than thirty days *after the adjudication* \* \* \*" (emphasis supplied). It is important to note that this first meeting of creditors in straight bankruptcy is not the same as the initial meeting of creditors under § 334 of Chapter XI, which was held herein on November 9, 1962, and which took place almost a month prior to the adjudication of bankruptcy. Collier has emphasized this distinction in speaking of precisely the situation presented by the instant case: "[I]f an order is entered in a § 321 case directing that bankruptcy be proceeded with, and a first meeting of creditors pursuant to § 55 has not been held [*as in the instant case*], then such a meeting must be held even though there has already been a meeting of creditors pursuant to § 334." 8 Collier, Bankruptcy 469 (14th ed. 1941). See In re Credit Service, 38 F.Supp. 761, 762 (D. Md.1941).

The Bankruptcy Act, § 44, sub. a, 11 U.S.C.A. § 72, sub. a provides that the Referee is permitted to appoint a trustee in an ordinary bankruptcy proceeding only if at the first creditors meeting *following* the adjudication the creditors fail to appoint a trustee, or if the appointed trustee fails to qualify. The command of the statutory language is clear. If the Referee had deemed Dejay's petition to be a § 321 petition he would have been correct, and he would not have had the authority to appoint a trustee without first giving the creditors their opportunity at a meeting called pursuant to § 55, sub. a.

Moreover, even if Dejay's petition were correctly deemed an "original petition" under § 322, i. e., a petition for an arrangement filed at a time when no bankruptcy proceeding was pending and § 378(2) applied, the unilateral appointment of the trustee by the Referee still would contravene the Act. Section 378 (2) provides that when an order is entered directing that bankruptcy be proceeded with in the case of a § 322 petition "\* \* \* the trustee nominated by creditors under this chapter shall be appointed by the court, or, if not so nominated or if the trustee so nominated fails to qualify within five days after notice to him of the entry of such order, a trustee shall be appointed as provided in section 44 of this title." The Referee misinterpreted § 378(2) when he stated that this section "specifically provides that upon entry of an order directing that bankruptcy be proceeded with in the case of a petition filed under § 322 (original petition), the court shall appoint a trustee where creditors have failed to nominate one." [8] That is not what the section "specifically provides." The clear mandate of this section is that if no trustee was nominated, or, if nominated he did not qualify during the pendency of the Chapter XI proceedings, a trustee would have to be appointed pursuant to § 44, sub. a after the adjudication in bankruptcy. See 8 Collier, Bankruptcy ¶5.15 at 470 (14th ed. 1941). Remington reaches the contrary conclusion without any discussion of the problem. 9 Remington, Bankruptcy § 3599 at 241.

---

8. Certificate of Review, p. 4.

(1955 ed.).[9] The court, however, does not find Remington's bald statement of the problem's solution to be persuasive.

The court has not been able to find any case which is dispositive of this unadjudicated issue. But support for the proposition that a meeting of creditors must be convened pursuant to § 55, sub. a of the Act subsequent to the debtor's adjudication in bankruptcy can be found in England v. Lines, 262 F.2d 303 (9th Cir. 1958) affirming In re Goodrich Mfg. Co., 168 F.Supp. 940 (N.D.Cal. 1956). In England v. Lines, supra, an original arrangement petition was filed under § 322. Thereafter a meeting of creditors pursuant to § 334 was held but no trustee was nominated. Subsequently, the debtor was adjudged a bankrupt and the Referee ordered bankruptcy to be proceeded with pursuant to § 376(2), 11 U.S.C.A. § 776(2). The first meeting of creditors was then convened by the Referee so that the creditors could *inter alia* appoint a trustee to serve in the supervening straight bankruptcy proceeding. The main issue in the Lines case was when the time for filing claims in the supervening bankruptcy began to run for the purpose of qualifying creditors to vote for a trustee. The court concluded that pursuant to Bankruptcy Act, § 57, sub. n, 11 U.S.C.A. § 93, sub. n, the crucial measuring date was the first meeting of creditors following the order to proceed with bankruptcy. See also In re Marine Stevedoring Corp., 169 F.2d 554 (3d Cir. 1948); Hi-Flier Mfg. Co. v. Haberman, 115 F.2d 918 (2d Cir. 1940); In re White's Jewelers, 88 F.Supp. 145 (E.D.Mo.1949); In re Credit Service, supra. But what is of greater significance for the problem at hand is the statement in England v. Lines, supra, 262 F.2d at 306 that "In the instant case no trustee was nominated during the arrangement proceedings. Therefore Section 72 [Bankruptcy Act § 44] controls appointment of a trustee: 'The creditors of a bankrupt * * * shall, at the first meeting of creditors after the adjudication * * * appoint a trustee * *.'" The Trustee's strained attempt to discredit the rationale of the Lines case is ineffectual and does not warrant further consideration.

Pitching their argument away from the plane of authority represented by the decisions and the commentators, the respondents and the Referee remonstrate, on policy grounds, against a result which would deny the Referee's authority, in the instant circumstances, to appoint *sua sponte* a trustee. They assert that Congress could not have intended a situation whereby a bankrupt's estate would have no trustee to administer it during the hiatus between the dismissal of the Chapter XI proceedings and the first meeting of creditors in ordinary bankruptcy, since such a hiatus would leave the estate rudderless and would endanger the continued viability of what, in most cases, is a going concern, inasmuch as Chapter XI usually involves assets. Consequently, the Referee concluded that Congress must have intended to repose in the Referee the authority promptly to appoint a trustee when bankruptcy intervenes. In addition, the Referee and the Trustee decry a possible alternative solution— the appointment of a temporary receiver —which would mean the appointment of numerous ancillary receivers throughout the country since a primary receiver may not act outside of the primary jurisdiction. They argue that such a procedure is so time consuming and expensive that it must be rejected here.

■ The court has no reason to divine what Congress intended as the procedure to be followed in the instant circumstances. The problem herein does not involve a factual situation for which the statutory language offers no aid or for which the statutory language is so ambiguous and imperfect that statutory construction by means of research into

9. "If the creditors fail to nominate a trustee to take over the estate in case it is necessary to administer it in bankruptcy, and there is no previously appointed trustee, the court may appoint a trustee of its own choice in the event the arrangement attempt collapses."

legislative history is necessary. Section 378 of the Act specifically provides for what should be done upon the entry of an order that bankruptcy be proceeded with and under either of the paragraphs of that section the creditors would be entitled to notice of a meeting and the opportunity to elect a trustee. And assuming *arguendo* that the statutory language is beclouded and does not illumine the issue, to say, as does the Trustee, that Congress had it considered the problem would have required the Referee to appoint a trustee *sua sponte* is to indulge in conjecture and speculation quite outside the purview of proper statutory construction. Assuredly, it would be no less conjectural to say that Congress, if it had considered the problem would have had something to say about the rights of creditors to nominate a trustee of their own choosing. The court is mindful that "When a judge tries to find out what the government would have intended which it did not say, he puts into its mouth things which he thinks it ought to have said, and that is very close to substituting what he himself thinks right. * * *" Hand, The Spirit of Liberty 108 (2d ed. 1954), quoted in Friendly, The Gap in Lawmaking—Judges Who Can't and Legislators Who Won't, 63 Col.L.Rev. 787, 798 (1963). The gap created by what the Trustee considers to be Congressional oversight, if it need be filled at all, should be filled by Congress. " '[S]tatutory construction' means to me that the Court can *construe* statutes but not that it can construct them." Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963) (Clark, J., dissenting).

The Trustee has seized upon the words "so far as possible" in § 378(1) as the basis for arguing that those words give sanction to a Referee's *sua sponte* appointment where it is impracticable for him to follow strictly the procedure outlined in the Bankruptcy Act. Possible is defined as "capable of being" and is synonymous with practicable. Webster,

New International Dictionary (Unabr. ed. 1954). 33 Words and Phrases "Possible," p. 117 (1940); see In re Kenilworth Bldg. Corp., 105 F.2d 673, 676 (7th Cir. 1939); In re Philadelphia & Reading Coal & Iron Co., 104 F.2d 126, 127 (3rd Cir. 1939).[10] It was not impracticable, impossible or unfeasible to hold a meeting of creditors to elect a trustee after the Chapter XI proceedings were dismissed.

The Trustee's last-ditch argument, that the expensive procedure of appointing ancillary receivers would have had to have been effected, is unsupported by any showing that such a procedure was in effect necessary or required. Assuming, however, that such a procedure would have been necessary, it would have been but an unavoidable concomitant of compliance with § 378 of the Act.

The court recognizes there are difficulties involved in requiring the Referee to hold a meeting of creditors after so much time has elapsed. The pragmatic approach undoubtedly would be to approve the Referee's authority to appoint a trustee without calling another first meeting of creditors, on the premise that the end justifies the means. But the court cannot yield the rights of creditors in favor of an expedient approach even when it entails the sacrifice of a short-circuit technique which, apparently, would provide immediate stewardship over the bankrupt's affairs.

■ In sum, then, regardless of whether Dejay's petition is deemed a § 321 or a § 322 petition, the Referee should have called a meeting of creditors subsequent to the adjudication of bankruptcy for the purpose of giving the creditors an opportunity to appoint a trustee. This conclusion comports with the theory of creditor control of the bankrupt's estate as "The creditors have the right to administer what is practically their own property by a proper trustee of their own choosing." In re Nice & Schreiber, 123 F. 987, 988 (E.D.Pa.

---

10. Webster gives as synonyms: Possible, practicable, feasible. United States v. Kessler, 213 F.2d 53, 57 (3rd Cir. 1954).

1903); In re Chez Marianne, 15 F.Supp. 326 (S.D.N.Y.1935).

Accordingly, the Referee's order of December 11, 1962, appointing the New York Credit Men's Adjustment Bureau, Inc. as Trustee is reversed. The order is vacated and the cause remanded for the purpose of having the Referee convene, as expeditiously as possible, a first meeting of creditors in order to appoint a trustee pursuant to 11 U.S.C.A. § 72, sub. a. So ordered.