In the Matter of GOODRICH MANUFAC-
TURING COMPANY, a co-partnership
consisting of Coy C. Goodrich and Lulu
Goodrich, Bankrupt.

No. 43103.

United States District Court,
N. D. California, S. D.

Dec. 3, 1956.

Coy C. Goodrich, in pro. per.

James M. Conners, Stanley M. McLeod, Louis J. Glicksberg, Lawrence Goldberg, San Francisco, Cal., for trustees.

GOODMAN, District Judge.

■ Kal W. Lines, who has received from fifty-one creditors of the bankrupt, Goodrich Manufacturing Company, powers-of-attorney to cast their votes for trustee of the bankrupt's estate, seeks on behalf of such creditors a review of the Referee's order appointing John M. England as trustee in disregard of the votes cast by Lines. The appointed trustee has moved to dismiss the petition for review on the ground that Lines has no specific authority to petition on behalf of the creditors for whom he purports to act. The validity of the powers-of-attorney held by Lines is not questioned. In my opinion, the power specifically given therein to vote for trustee includes power to protect that vote by seeking a review of the order of the Referee appointing a trustee in disregard of such vote. The motion to dismiss is denied.

The petition for review alleges that the fifty-one creditors represented by Lines are a majority of the bankrupt's creditors both in number and in amount of claims. It contends that their votes cast by Lines for himself as trustee were erroneously rejected by the Referee on the ground that their claims were not timely filed.

■ In rejecting the votes cast, the Referee held that no inference should be drawn that the claims of the fifty-one creditors represented by Lines are fore-

closed from participating in any later proceedings or in any pro rata payments out of the bankruptcy estate. However, the Bankruptcy Act does not set forth any special time limitation on the filing of claims for the purpose of voting for trustee. All creditors holding unsecured claims without priority, which have been allowed, are entitled to vote. Bankruptcy Act, § 56, 11 U.S.C.A. § 92. Thus the inquiry must be not whether the fifty-one claims were timely filed for the purpose of voting for trustee, but whether the claims were timely filed to make them eligible for allowance.

■ This bankruptcy proceeding stemmed from an original arrangement proceeding initiated by a petition filed by the Goodrich Manufacturing Company on May 27, 1954 pursuant to Section 322, Chapter XI of the Bankruptcy Act (11 U.S.C.A. § 722). That day John M. England was appointed receiver. On June 25, 1954 the Referee mailed to the creditors of Goodrich notice of a meeting of creditors to be held on July 12, 1954 for the purposes of proving claims, nominating a trustee, appointing a committee of creditors, examining the debtor, presenting written acceptances of the proposed arrangement and transacting any other proper business. The referee stated in this notice that "claims must be prepared in form required by Bankruptcy Act, sworn to, and filed within six months after the 12th day of July, 1954."

No trustee was nominated by the creditors who filed their claims by July 12, 1954 and participated in the meeting held on that day. Thereafter, on May 16, 1956, a plan of arrangement not having been accepted within the time fixed, pursuant to Section 376(2) of the Bankruptcy Act [11 U.S.C.A. § 776(2)], the Referee ordered bankruptcy to be proceeded with. On May 18, 1956, the Referee mailed to the bankrupt's creditors notices that the Goodrich Manufacturing Company had been adjudged a bankrupt on May 16th, and that "the first meeting of its creditors will be held at Room 609 Grant Building, San Francisco, California, on May 29th, 1956 at 2:00 P.M., at which time and place the said creditors may attend, appoint a trustee, appoint a committee of creditors, authorize the sale of property, examine the bankrupt, and transact such other business as may properly come before said meeting."

At the meeting of May 29, 1956, the Referee received and accepted votes cast for John M. England as trustee on behalf of eleven creditors whose claims aggregated $4,338.72. The claims of these creditors had been filed within six months after July 12, 1954, the date of the original meeting of creditors in the arrangement proceedings. The Referee rejected the votes cast by Kal W. Lines for himself as trustee in behalf of the fifty-one creditors whose claims aggregated $63,788.31. He did so on the ground that these claims, although then on file, had not been filed within six months after July 12, 1954, the time specified for the filing of claims in his notice to creditors of June 25, 1954.

Lines on behalf of his fifty-one creditors urges that the Referee was without statutory authority to require claims to be filed in the arrangement proceedings within six months after July 12, 1954. The Referee's opinion is that he had such authority under Sections 302 and 312 of the Bankruptcy Act (11 U.S.C.A. §§ 702 and 712) which provide in substance that in an original arrangement proceeding under Chapter XI of the Act, in the absence of inconsistent provisions of Chapter XI, the provisions of Chapters I–VII of the Act shall apply and the jurisdiction, powers, and duties of the court shall be the same as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under Chapter XI was filed. His reasoning is that by virtue of these provisions, Section 57, sub. n, of Chapter VI (11 U.S.C.A. § 93, sub. n), prohibiting the allowance of claims not filed within six months after the date set for the first meeting of creditors, becomes applicable in the Chapter XI proceeding and the first meeting of creditors therein referred to must be taken to mean the original meet-

ing of creditors in the Chapter XI proceeding.

There might be merit to this reasoning were it not for the fact that it overlooks inconsistent provisions of Chapter XI, itself. Section 367 of Chapter XI (11 U.S. C.A. § 767) specifically permits all creditors whose claims have been filed prior to the confirmation and allowed, or have been scheduled by the debtor and are fixed, liquidated, and undisputed, to participate in the distribution under a confirmed arrangement. It is obvious that such provisions are not consistent with the imposition of any time limit for the filing of claims in the arrangement proceeding.

When an original arrangement proceeding terminates, as did the present one, without confirmation of a plan and an order is entered that bankruptcy be proceeded with, Section 378(2) of Chapter XI [11 U.S.C.A. § 778(2)] specifies the procedure to be followed. Section 378(2) provides that: "Upon the entry of an order directing that bankruptcy be proceeded with—(2) in the case of a petition filed under section 322 of this Act, the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed; and the trustee nominated by creditors under this chapter shall be appointed by the court, or if not so nominated or if the trustee so nominated fails to qualify within five days after notice to him of the entry of such order, a trustee shall be appointed as provided in section 44 of this Act." By virtue of this Section, the proceedings are conducted thereafter pursuant to the ordinary bankruptcy provisions of Chapters I through VII. Section 57, sub. n of Chapter VI, prohibiting the allowance of claims not filed within six months after the date set for the first meeting of creditors, there-

upon comes into play. But, this does not mean that the original meeting of creditors in the arrangement proceeding is to be treated as the first meeting of creditors referred to in Section 57, sub. n. If it had such meaning, creditors who were still entitled to file in the arrangement proceedings at the time of its termination or creditors who, because their claims were fixed, liquidated, undisputed and scheduled, need not have filed at all in the arrangement proceedings, would abruptly and arbitrarily be foreclosed from participating in the bankruptcy proceeding.

Prior to 1952, Section 355 of Chapter XI (11 U.S.C.A. § 755) specifically provided that when an original arrangement proceeding terminated upon the entry of an order that bankruptcy be proceeded with, "claims not already filed may be filed within three months after the first date set for the first meeting of creditors, held pursuant to section 55 of this Act." The court decisions interpreting this provision, adopted the rather obvious meaning that the first meeting of creditors referred to was the first meeting held pursuant to Section 55 *in the* bankruptcy proceeding itself.[1]

In 1952, the Congress deleted this provision from the Bankruptcy Act. In the opinion of the Referee, this deletion indicates the Congress' disapproval of the judicial interpretation of this provision and its intention that thereafter Section 57, sub. n should govern the time for filing of claims and that the first meeting of creditors referred to therein should be taken to mean the original meeting of creditors in the arrangement proceedings.

The Congressional committee reports on the 1952 amendments do confirm that the Congress intended that Section 57, sub. n should thereafter provide the time limit for the filing of claims. But, they also state the intention of the Congress that the first meeting of creditors referred to therein be taken to mean the

1. E. g. In re White's Jewelers, D.C.E.D. Mo.1949, 88 F.Supp. 145; In re Credit Service Inc., D.C.Md.1941, 38 F.Supp. 761.

first meeting of creditors held in the bankruptcy proceeding itself. The clarity of the Committee Report in this regard requires that the holding of the Referee be rejected.[2]

The Referee's order appointing John M. England as trustee, and rejecting the votes cast on behalf of creditors represented by Lines on the ground that their claims were not timely filed is vacated and the cause remanded for further proceedings.

[2] See House Report 2320, 82nd Congress, page 17, 1952 U.S.Code and Congressional News Service 1978. See also Senate Report 1395, 82nd Congress, 2nd Session page 9.