**Coy C. GOODRICH, Appellant,**

v.

**Kal W. LINES, Trustee of the Estate of Goodrich Manufacturing Company, a co-partnership consisting of Coy C. Goodrich and Lulu Goodrich, Bankrupts, Appellee.**

**No. 16722.**

United States Court of Appeals
Ninth Circuit.

Nov. 30, 1960.

Rehearing Denied Jan. 12, 1961.

Christin & Davis, San Francisco, Cal., Howard B. Crittenden, Jr., San Francisco, Cal., for appellant.

Glicksberg, Glicksberg & Goldberg, Lawrence Goldberg, San Francisco, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and MURRAY, District Judge.

HAMLIN, Circuit Judge.

This is a companion appeal to Goodrich v. Lines, No. 16510, 9 Cir., 284 F.2d 872. This case involves the same bankruptcy proceedings as those discussed in No. 16510, and the factual background recited in the opinion in that case will also be helpful in gaining an understanding of the issues presented by this appeal.

This appeal is concerned with occurrences subsequent to the decision of this Court in Goodrich v. England, 9 Cir., 1958, 262 F.2d 298, where this Court stated that the District Court did not err in refusing to dismiss appellant's petition for arrangement and that the referee in bankruptcy did not abuse his discretion in adjudicating appellant a bankrupt.[1] In that appeal Goodrich represented that subsequent to the adjudication in bankruptcy there had occurred a substantial shift in his relations with his creditors. In particular he contended that there had been a decision of the Armed Services Board of Contract Appeals which had the effect of eliminating the claim of the United States Government which had been filed for the amount of $325,000.[2] Appellant contended that this decision established that he owed the United States nothing, and on the contrary, that he had a claim against the United States for a substantial sum. He further contended that subsequent to the adjudication in bankruptcy his creditors had changed their attitude toward him, and that it was no longer in the best interests of the creditors that the bankruptcy be proceeded with. This Court, after stating that the District Court did not err in refusing to dismiss appellant's petition for arrangement and that the referee did not abuse his discretion in adjudicating appellant a bankrupt,[3] proceeded to discuss the claims that were being made by appellant concerning the events that had occurred subsequent to the adjudication in bankruptcy in the following language:

"If these claims are true it may well be that it is no longer in the best interests of the creditors that bankruptcy be proceeded with. This, however, is a question which should appropriately be left to the determination of a referee in bankruptcy.

"We therefore remand this case to the lower court, with directions to refer it to a referee in order that he may determine, in the light of such evidence as the parties may present, whether dismissal or an adjudication of bankruptcy will at this time best protect the interests of appellant's creditors."[4]

At no place in its opinion did this Court pretend to pass on the validity of appellant's claims relating to occurrences subsequent to the adjudication in bankruptcy.

▓ In response to the decision of this Court the District Court, on Janu-

---

1. Goodrich v. England, 9 Cir., 1958, 262 F. 2d 298 at page 303:
   "We cannot say that the referee abused his discretion in adjudicating appellant a bankrupt."

2. The decision of the Armed Services Board of Contract Appeals, dated February 11, 1958, reads in part as follows:
   "We hold that appellant (Goodrich) was not in default when the Government terminated the contracts. The facts show a number of reasons for finding that appellant was excused from performing in accordance with the original contract delivery schedule * * *.
   "The appeals are sustained and the termination should be considered as having been effected for the convenience of the Government."

3. See footnote No. 1.

4. Goodrich v. England, 9 Cir., 1958, 262 F. 2d 298 at page 303.

ary 20, 1959, made an order referring the proceedings to the referee in bankruptcy "for determination, in the light of such evidence as the parties may present, whether the interests of the bankrupt's creditors will at this time be best protected by the adjudication of bankruptcy heretofore made remaining in effect or by the dismissal of this proceeding." Appellant now contends that the decision of this Court in Goodrich v. England had the effect of vacating the adjudication of bankruptcy which had been made by the referee. He claims that the District Court should have instructed the referee to determine whether a new adjudication in bankruptcy should be made or whether the proceedings should be dismissed. We do not so understand the former decision of this Court, and we believe that the interpretation placed upon this Court's decision by Judge Goodman in the District Court in his order of January 20, 1959, is entirely correct. We feel that the language used by this Court shows that it was not intended that the prior adjudication in bankruptcy be vacated.[5] To interpret the decision otherwise would mean that this Court intended to set aside the adjudication in bankruptcy solely on the basis of Mr. Goodrich's unproven allegation that "the situation has changed." In view of these considerations and of the complexity of the contested issues of fact presented to the Court at that time, we cannot hold that this Court intended to vacate the prior adjudication in bankruptcy.

Appellant raises two other issues on this appeal. The first is that in refusing to dismiss the proceedings the District Court and the referee decided the case under a misapprehension of the provisions of 11 U.S.C.A. § 776(2) ;[6] and the other is that in view of the invalidity of the claim of the United States the matter should be reversed with directions to dismiss.

After the case was referred back to the referee on January 20, 1959, a number of hearings were held. Appellant indicated that he had a plan to present to the referee, and a written plan was in fact presented on March 30, 1959. However, one of the provisions of the plan was that the United States would accept in consideration of its claim a second deed of trust upon certain real property. Appellant contended that the consent of all his creditors with the exception of the United States had been obtained, but appellee contended that this consent had been obtained a number of years prior to the present application and that it had been given subject to certain conditions which appellant had not fulfilled.[7] The proceedings were continued so that it could be learned whether the United States would consent to the plan. It was later reported to the referee that the United States would not consent to the plan and that it would not accept junior securities, as appellant proposed, in settlement of its $325,000 claim. After considering the opposing contentions, the referee denied the motion to dismiss the bankruptcy proceedings. Appellant contends that the referee read 11 U.S.C.A. § 776(2)[8] as requiring the consent of *all* of the creditors of appellant, and that he was in error in so construing the stat-

5. See footnote No. 1.

6. § 376(2) of the Bankruptcy Act.

7. Appellee in this regard relies on language found in the agreements consenting to the withdrawal of the claims.
  " * * * and said company, and said Goodrich, hereby agree not to dispose of the company's or his assets other than those required for normal business operations without my-our consent."

8. The pertinent portion of this section reads as follows:
  " * * * if an arrangement * * *

is not accepted at the meeting of the creditors or within such further time as the court may fix * * * the court shall—
  * * * * * * *

  (2) where the petition was filed under section 722 of this Act, enter an order, upon hearing after notice to the debtor, and creditors, and such other persons as the court may direct, either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this Act or dismissing the proceeding under this chapter,

ute. We do not feel that the record supports the conclusion that the referee and the District Court felt that it was necessary that *every* creditor of appellant agree to a dismissal.[9] Dismissal under these circumstances was a discretionary matter and there is nothing to lead this Court to believe that the tribunals below did not consider it as such. Even if this Court is to assume that all of the creditors of the appellant, with the exception of the United States, had consented to the dismissal, we still do not feel that the referee abused his discretion in failing to dismiss the proceedings. Although the United States was a single creditor, the amount allegedly owed it was far in excess of that owed any other creditor. We cannot say that the referee acted under any misconception of the provisions of 11 U.S.C.A. § 776(2) or that his failure to dismiss was an abuse of discretion.

Appellant's final point is that the United States' claim is invalid, and that it should not have been considered by the referee in determining whether appellant's petition should have been dismissed. This contention is based mainly upon the fact that after the United States had filed its claim in the bankruptcy proceedings there was a hearing before the Armed Services Board of Contract Appeals, and the Board rendered a decision saying that the contract had been terminated in the interest of the Government.[10] Appellant also attacks the form of the claim, stating that it does not meet the requirements of the Bankruptcy Act.[11] A short answer to appellant's contentions is that counsel for appellant admitted upon oral argument, and it appears to be the fact from the record, that the issue of the validity of the claim of the United States has never been determined by the referee.[12] There are also differing views as to the effect of the decision of the Armed Services Board of Contract Appeals.[13] In view of the facts that the invalidity of the claim of the United States has never been determined below and that the referee has taken no action on a petition by appellant that the claim be expunged from the record, the referee was correct in considering the existence of the claim in determining whether or not there should be a dismissal.

The judgment of the District Court is affirmed.

whichever in the opinion of the court may be in the best interest of the creditors."

9. The following exchange appears in the record:

The Referee: I would not force the Government to take a second deed of trust.

Mr. Davis: I believe the Court is clothed with that discretion.

The Referee: The discretion will be exercised this way: I will not, unless the Government consents, make it accept a second deed of trust. The Government says it won't do it.

10. See footnote No. 2.

11. Section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93.

12. The Court: Well, was the issue of validity of the claim tried before the referee?

Mr. Davis: The validity of the claim was tried before the referee in this manner: There was motion made to dismiss and to expunge the claim of the government. That motion has never been determined by the referee. The referee before whom that was tried, Judge Wyman, of course, passed away some months ago. The attack upon the validity of the government claim is—appears in the transcript in Vol. 2, and consists of the testimony of the debtor—

The Court: Well, I know, but just answer my question. Has that issue ever been determined by the referee?

Mr. Davis: No. It has not been determined.

13. The following statement of the United States' position appears in the record:

" * * * I don't doubt there is some interpretation under the Armed Services Board of Contract Appeals' decision that we may not have a claim or proof of contract, but under any circumstances, Mr. Goodrich received $296,000; under any circumstances, he never paid it back. However, when you do read the Armed Services Board of Contract Appeals' decision, we still have the right to receive our $296,000 back."