Coy C. GOODRICH, Bankrupt, Appellant,

v.

Kal W. LINES, Trustee of the Estate of Coy C. Goodrich, Bankrupt, Appellee.

No. 16510.

United States Court of Appeals Ninth Circuit.

Nov. 30, 1960.

Rehearing Denied Jan. 12, 1961.

ence to the statute preceding § 1738 the Court said: "The Act extended the rule of the Constitution to all courts, Fed-

Christin & Davis, George Olshausen, Leonard Davis, San Francisco, Cal., for appellant.

Glicksberg, Glicksberg & Goldberg, San Francisco, Cal., Lawrence Goldberg, San Francisco, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and MURRAY, District Judge.

eral as well as State." See also Judge Goodrich's discussion in Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90.

HAMLIN, Circuit Judge.

This appeal, No. 16510, and the companion appeal, No. 16722, 284 F.2d 874, portray a long and involved series of proceedings in bankruptcy concerning the affairs of Coy C. Goodrich, appellant herein. Both the appellant and the appellee set out in their briefs detailed "statements of the case," and from these there is set out below a sufficient chronological report to enable one to understand the nature of these appeals.

On May 27, 1954, Coy C. Goodrich, appellant, filed a petition for an arrangement under the provisions of Chapter 11 of the Bankruptcy Act.[1] On June 29, 1954, he petitioned the District Court asking that the arrangement proceedings be dismissed. The District Court referred the matter to Burton J. Wyman, a referee in bankruptcy, and various hearings were held before the referee. On December 1, 1954, the referee denied appellant's motion to dismiss, and appellant filed a petition to review the order of the referee. On November 15, 1955, the District Court affirmed the order of the referee and ordered that the arrangement proceedings continue. Appellant appealed to this Court from the order of November 15, 1955. While this appeal was pending, the referee, on May 16, 1956, made an order adjudicating the appellant a bankrupt and directing that the bankruptcy be proceeded with. On December 3, 1956, the District Court affirmed the referee's order of adjudication, and the appellant appealed from this order. The appeals from the orders of November 15, 1955, and December 3, 1956, were consolidated by this Court and were determined in Goodrich v. England, 9 Cir., 1958, 262 F.2d 298.

On May 16, 1956, after the adjudication of appellant as a bankrupt, there was a meeting of appellant's creditors before the referee. At that meeting there was a contest for the office of trustee between John England and Kal W. Lines, appellee herein. The claims voted for Lines clearly constituted the majority both in number and in amount,[2] but the referee refused to count the claims voting for him solely on the ground that these claims had not been timely filed. The referee therefore appointed England as trustee. A petition for review was filed with the District Court, and after a hearing thereon the District Court on December 3, 1956, reversed the referee and held that the claims voting for Lines had been timely filed.[3] The cause was remanded to the referee for further proceedings.

England appealed to this Court from the order of the District Court, and the appeal was decided in England v. Lines, 9 Cir., 1958, 262 F.2d 303, 307. This Court in its decision affirmed the order of the District Court saying, "Judge Goodman's opinion, 168 F.Supp. 940, seems an excellent, clearly reasoned treatment of the issues raised. The judgment is affirmed." Thereafter, the District Court made an order directing that "the referee shall appoint Kal W. Lines as trustee of the Bankrupt's estate." In accordance with the direction of the District Court, on January 21, 1959, the referee appointed Lines trustee of the bankrupt's estate. On February 27, 1959, appellant moved in the District Court for an order vacating the order of the referee which appointed Lines as trustee. On March 6, 1959, this motion was denied; and although a motion for a rehearing was granted on April 9, 1959, the motion was again denied on April 16, 1959. On May 15, 1959, appellant filed a notice of appeal from the order of April 16, 1959. It is this appeal which we are presently considering and which is numbered 16510.

This Court in its decision in England v. Lines held that the District Court was correct in putting aside the appointment of England as trustee. This Court held

---

1. § 322 of the Bankruptcy Act, 11 U.S. C.A. § 722.

2. For England, 11 claims totaling $4338.- ▆▆▆▆▆▆

72; for Lines, 51 claims totaling $63,-788.31.

3. In Matter of Goodrich Manufacturing Co., D.C.N.D.Cal.1956, 168 F.Supp. 940.

that the claimants voting for appellee had standing to vote their claims and that their claims were timely filed. It is undisputed that Lines had a large majority of the claims voting for trustee. This Court, having held that it was error not to count those votes, sees no error on the part of the District Court in directing the appointment of Lines. It would have served no purpose for the District Court to direct the referee to count the claims again, for the act to be done was merely mechanical. Referral to the referee would have been an idle act and would have accomplished nothing.

Appellant also contends that it was error to appoint any trustee, claiming that the decision of this Court in Goodrich v. England, supra, set aside the adjudication of bankruptcy. However, in Goodrich v. Lines, No. 16722, 284 F.2d 874, also decided this day, this Court holds that the decision in Goodrich v. England did not set aside the adjudication of bankruptcy. The reasons for that holding are set forth in the opinion of that case and need not be repeated here.

The judgment of the District Court is affirmed.