**320**

In the Matter of GEORGETOWN GAL-
LERIES, INC., Huntington Chair
Corporation, Bankrupts.

Thomas J. WILSON, as Trustee in Bank-
ruptcy of Georgetown Galleries, Inc.,
and Huntington Chair Corporation, Pe-
titioner,

v.

HY-LAN FURNITURE COMPANY, Inc.,
Respondent.

No. 1601.

United States District Court
W. D. North Carolina,
Charlotte Division.

Nov. 7, 1963.

Thomas J. Wilson, Lincolnton, N. C.,
for Bankrupts.

Edward J. Brady, Hale, Hynes &
Brady, New York City, for Hy-Lan Fur-
niture Co.

CRAVEN, Chief Judge.

The record and counsels' briefs disclose
the following chronological sequence of
events:

*May 14, 1962:* Georgetown Galleries,
Inc. and Huntington Chair Corpora-
tion filed a petition for an arrange-
ment under Chapter XI of the Bank-
ruptcy Act. (11 U.S.C.A. § 701 et
seq.) The matter was referred to
the Referee in Bankruptcy.

*October 31, 1962:* The initial meet-
ing of creditors was conducted be-
fore the Referee.

*January 2, 1963:* Two letters bear-
ing this date and signed by Mr. T. R.
Earnest, Vice-President of Hy-Lan
Furniture Company, Inc. were re-
ceived by the Referee. (Hy-Lan is
indebted to Huntington Chair Cor-
poration in the amount of $41,-
911.63 representing the purchase
price of 6,500 chairs.) One letter
claimed that many of the chairs for
which Hy-Lan was indebted to
Huntington had been found to be
defective and that Hy-Lan could not
settle its account with Huntington
because it did not yet know the
exact material loss it might sustain
on account of the defective chairs.
It was stated in the other letter that
Huntington had breached a contract
made with Hy-Lan to manufacture
and deliver to Hy-Lan certain bed-

room furniture and that "the eventual amount of damages that conceivably could be sustained by (Hy-Lan) cannot be computed at this time, but we have substantial reason to believe that it would probably run into several hundred thousand dollars." The Referee in Bankruptcy treated these letters as proof of claims on behalf of Hy-Lan.

*January 29, 1963:* A hearing was conducted by the Referee at which Mr. T. R. Earnest testified fully with respect to the claims set out in the above mentioned letters. It was indicated by the Referee during the course of Mr. Earnest's testimony that the two letters had been entered in the proceedings as proof of claims. (Tran. p. 36). Mr. Earnest testified that the amount of Hy-Lan's claim was still undeterminable at that point. (Tran. p. 26). He was directed by the Referee to supply certain information bearing upon the liquidity of the claim. (Tran. p. 50).

*February 14, 1963:* Georgetown Galleries, Inc. and Huntington Chair Corporation were adjudged to be bankrupt. Written notice of the first meeting of creditors, to be held February 28, 1963, was given all creditors and other interested parties.

*February 28, 1963:* The first meeting of creditors of the bankrupts—Georgetown Galleries, Inc. and Huntington Chair Corporation—was held before the Referee in Bankruptcy. Hy-Lan was represented by counsel at the meeting. No discussion ensued, however, relating to its claim.

*April 12, 1963:* The Trustee in Bankruptcy petitioned the Referee to reject and disallow the claims filed by Hy-Lan, in the form of the letters above mentioned, and to order Hy-Lan to pay over to the bankrupts' estate the $41,911.63 owed it for the 6,500 chairs, less the reasonable cost of refinishing 200 of the chairs. An order to show cause why this petition should not be allowed was issued by the Referee and served upon Hy-Lan.

*April 23, 1963:* A hearing pursuant to the show cause order was held before the Referee in Bankruptcy. At the hearing the Referee allowed Hy-Lan two weeks within which to submit proof of its claim; before the two-week period expired, the Referee extended the allowable period to and including *May 21, 1963.*

*May 25, 1963:* Hy-Lan having failed to file further proof of its claims within the time allowed, the Referee signed a "judgment" making these findings of fact and conclusions of law:

1. The claim of Hy-Lan for damages suffered by reason of Huntington's breach of a contract to manufacture and deliver bedroom furniture is not supported by evidence. There were preliminary negotiations looking toward the possibility of such a contract, but no legally binding agreement was ever entered into by the parties.

2. The evidence does not support Hy-Lan's claim that so many of the 6,500 chairs delivered to it by Huntington were so defective that the ultimate damage to Hy-Lan by reason thereof equals or exceeds the $41,911.63 owed by Hy-Lan to Huntington on the purchase order therefor. It is agreed that the first 200 chairs delivered required refinishing; no agreement was ever reached as to the cost of refinishing. The total purchase price of these 200 chairs was $2,200.00. Immediately following delivery of the first 200 chairs, Hy-Lan placed one of its own employees in the Huntington plant to inspect the remainder of the chairs manufactured under the purchase order; Hy-Lan ac-

cepted delivery of the additional 6,300 chairs after inspection by its employee or opportunity therefor. As of January 29, 1963, a total of five of these chairs had been returned to Hy-Lan by purchasers. All but 794 of the chairs had been sold by February 12, 1963.

3. The cost of refinishing the first 200 chairs and Hy-Lan's right to a credit therefor could not exceed their purchase price, $2,-200.00.

4. Conclusions of Law:

 (a) Hy-Lan had no contract with the bankrupts relative to the manufacture of bedroom furniture and, therefore, has no claim for damages for breach thereof.

 (b) Hy-Lan is liable for the purchase price of the chairs delivered to it by Huntington.

 (c) Hy-Lan is obligated to pay $41,911.63 for the 6,500 chairs less the reasonable cost of refinishing 200 of them, the latter amount not to exceed $2,200.00.

It is ordered, adjudged and decreed that:

1. Hy-Lan's claim arising out of an alleged contract with bankrupts for the manufacture of bedroom furniture is rejected and disallowed.

2. Hy-Lan's claim arising out of alleged defects in all or a part of the 6,500 chairs purchased from bankrupts is rejected and disallowed.

3. Hy-Lan is ordered and directed to pay over to Trustee in Bankruptcy $39,711.63 plus interest at the rate of six per cent per annum from December 31, 1962.

4. The determination of the reasonable cost of refinishing the first 200 chairs is left open and the Trustee in Bankruptcy is directed to file with the Referee evidence pertaining to such cost on or before June 15, 1963. Any of the parties may request an oral hearing on the question of such cost; if no request is made for a hearing, the Referee will determine the reasonable cost of refinishing the first 200 chairs on the basis of written evidence.

/s/ J. Harry Sample
Referee in Bankruptcy

*June 12, 1963:* Hy-Lan Furniture Company, Inc. filed a formal proof of claim for $409,077.78.

*June 14, 1963:* Hy-Lan filed a motion to set aside the "default judgment" signed by the Referee May 25, 1963.

*July 15, 1963:* The Referee in Bankruptcy conducted a hearing on Hy-Lan's motion to set aside the "judgment" of May 25, 1963.

*July 16, 1963:* The Referee in Bankruptcy entered an order disallowing Hy-Lan's motion to set aside the "default judgment".

*July 24, 1963:* Hy-Lan filed a petition for review of the Referee's order denying its motion to vacate and set aside the "default judgment".

## OPINION OF THE COURT

The court having heard counsel in argument upon Hy-Lan's motion to set aside the "default judgment" entered by the Referee May 25, 1963, and having reviewed the record and applicable law in this matter, is of the opinion that the Referee's order denying Hy-Lan's motion to set aside the "default judgment" must be sustained.

 The two letters from Mr. T. R. Earnest dated January 2, 1963, and addressed to the Referee in Bankruptcy substantially comply with the requirements of Section 57, sub. a of the Bankruptcy Act (11 U.S.C.A. § 93, sub. a) so as to constitute recognizable proof of claims. The Referee properly treated them as such—certainly from and after

Mr. Earnest's testimony at the hearing of January 29, 1963.

█ Hy-Lan was seeking to have allowed *contingent, unliquidated claims.* Section 57, sub. d of the Act (11 U.S.C.A. § 93, sub. d) clearly and distinctly provides:

> "That an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner *and within the time directed by the court;* and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this Act." (Emphasis added.)

The Referee allowed Hy-Lan a total period of time beginning April 23, 1963, and ending May 21, 1963, within which to reduce its claim to one of certainty and liquidity, and Hy-Lan failed to timely respond to the opportunity so granted. Indeed, Hy-Lan did not even come forth with an *estimate* of the amount of its claim. The above quoted portion of the Bankruptcy Act is clear and unequivocal; just as clear is the fact that Hy-Lan neither liquidated its claim nor estimated the amount thereof "within the time directed by the court." Entry by the Referee, therefore, of the order of May 25, 1963, disallowing the claims of Hy-Lan (except to the extent that some degree of certainty was indicated relative to the reasonable cost of refinishing the first 200 chairs) was unquestionably within the framework of the Bankruptcy Act and necessary to the expedient administration of the estate.

█ Hy-Lan cannot now avail itself of Section 355 (as amended 1952) of the Bankruptcy Act (11 U.S.C.A. § 755, as amended 1952). The effect of that provision is that when an arrangement attempt under an original Chapter XI petition fails and an order is entered directing that bankruptcy be proceeded with, *"claims not already duly filed"* may be filed within six months after the first date set for the first meeting of creditors in the *bankruptcy* matter. See: Collier on Bankruptcy, Vol. 8, Section 355, p. 1006, (1962 Cum. Supp.); In re Goodrich Manufacturing Co., 168 F.Supp. 940, 943 (D.C.Cal.1956). Hy-Lan's proof of claims *was* "duly filed" in the Chapter XI proceeding prior to the entry of the order directing bankruptcy, hence, the above cited section of the Act cannot and should not be construed to allow it a *second* opportunity to file proof of claims.

Such of Hy-Lan's contentions in its petition for review as are not touched upon in this opinion have been considered by the court and are deemed to be without merit.

The order of the Referee in Bankruptcy disallowing and rejecting the claims of Hy-Lan Furniture Company, Inc. is affirmed; Hy-Lan's motion to vacate said order is denied.