**In re Janice E. DARLING, a/k/a Janice E. Brown, Debtor.**

**Bankruptcy No. 92–646–BKC–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 26, 1992.

Albert H. Mickler, Jacksonville, Fla., for debtor.

D. Andrew Byrne, Tallahassee, Fla., for Anchor.

Jerry A. Funk, Jacksonville, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Motion for Relief from Automatic Stay filed by Anchor Mortgage Services ("Anchor"). A hearing was held on April 27, 1992, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Debtor filed a chapter 11 petition on November 21, 1989, commencing case number 89–3661–3P1. The case was converted to chapter 7 on July 1, 1991.

Anchor Mortgage Services held a mortgage on debtor's residence and filed a motion for relief from the automatic stay in the chapter 7 case on August 28, 1991. An order granting the motion was entered on October 15, 1991.

On February 6, 1992, debtor filed a voluntary petition under chapter 13. On March 24, 1992, Anchor filed a motion for relief from the automatic stay alleging that the debtor had no equity in property and that reorganization of the property was not feasible due to the large arrearage on the mortgage.

A hearing was held on the motion on April 27, 1992, at which time the evidence showed that the debt owed to Anchor was $117,432.00 and that the property had a value of $120,000.00. Accordingly, the Court finds that the debtor has some equity in the property.

At the hearing the Court, *sua sponte*, raised the issue of whether the lifting of the stay as to Anchor in the prior bankruptcy has *res judicata* or collateral estoppel effect on this motion.

### Conclusions of Law

The doctrine of *res judicata* prevents the relitigation of the same cause of action by the same parties. The United States Supreme Court stated the rule:

... when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but

as to any other admissible matter which might have been offered for that purpose."

*Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877)). Thus, the issues that could have been raised and were not, as well as the issues actually raised, are all barred in later litigation between the parties.

■ Where *res judicata* works to foreclose all claims that might have been previously litigated, collateral estoppel is more narrowly tailored and only treats as final issues actually and necessarily decided in prior litigation. The Eleventh Circuit outlined the three elements necessary to invoke collateral estoppel:

(1) the issue at stake must be identical to the one involved in the prior litigation;

(2) the issue must have been actually litigated in the prior proceeding; and

(3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier decision.

*In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987).

■ Accordingly, the order granting relief from the stay in debtor's chapter 7 case has *res judicata* effect in this chapter 13 case if the order was a final adjudication of the merits of an identical cause of action between the same parties. Under such circumstances, debtor would be precluded from raising any claim with regard to the pending motion for relief that could have been raised at the hearing in the earlier case.

However, if the broad principle of *res judicata* does not apply, the doctrine of collateral estoppel could preclude relitigation of the motion if the issue now is identical to the issue actually litigated in the chapter 7 case and the determination of which was critical and necessary to the earlier ruling.

In a case factually similar to this case, the Eleventh Circuit indicated that neither *res judicata* nor collateral estoppel is applicable in automatic stay litigation. *In re*

*Saylors*, 869 F.2d 1434 (11th Cir.1989). In the *Saylors* case, the debtors initially filed a chapter 7 petition and received a discharge on August 25, 1987. The holder of the first mortgage on debtors' residence then filed a motion for relief which was granted on December 29, 1987. The day after such relief was granted debtors filed a chapter 13 petition seeking relief only from the arrearage owed on the first mortgage. *Id.* at 1435.

The mortgage holder argued that the chapter 13 plan was not proposed in good faith because the petition was filed the day after relief from the stay was granted. He further contended that lifting the stay in the chapter 7 case was a final adjudication of his right to foreclose and that under *res judicata* and collateral estoppel the debtors were barred from challenging that determination. *Id.* at 1438.

The Eleventh Circuit rejected the mortgage holder's argument, stating:

The bankruptcy court's order of December 29 merely lifted the automatic stay in the chapter 7 case. In no way did the order purport to be a permanent adjudication of Jim Walter's right to foreclose. The order also cannot be construed as lifting the stay in the chapter 13 case that automatically became effective the next day. The property of Saylors' chapter 13 estate is distinct from the property of the chapter 7 estate that preceded it.... Consequently, each stay also is distinct.

*Id.* Thus, the Court indicated that the issues involved in stay litigation over the same property in subsequent bankruptcy filings by the same debtor are different, precluding the application of either *res judicata* or collateral estoppel.

Applying *Saylors* to the instant case, the property of the prior chapter 7 case is distinct from the property of the pending chapter 13 case, as are the automatic stays in each case. The lifting of the stay in the chapter 7 case does not automatically carry over to this chapter 13 case. Consequently, the stay created in this case under § 362

enjoins Anchor from taking action to collect its pre-petition debt.

A separate order denying Anchor's motion for relief from the automatic stay and granting adequate protection will be entered.