### In re STAFF INVESTMENT CO., Debtor.

**Bankruptcy No. 92–20307–C–11.**

United States Bankruptcy Court, E.D. California.

Sept. 29, 1992.

As Amended Jan. 5, 1993.

Maria E. Lara, Shingle Springs, Cal., for debtor.

Judith C. Hotze, Office of U.S. Trustee, Sacramento, Cal., for U.S. Trustee.

Martin L. Smith, Orrick, Herrington & Sutcliffe, Sacramento, Cal., for creditor Security Pacific Credit Corp.

## MEMORANDUM DECISION ON MOTION TO VACATE ORDER OF DISMISSAL AND TO CONVERT CASE

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

Here is another way to handle the pesky problem of serial bankruptcies that are filed as maneuvers to milk unfair advantage from the Bankruptcy Code. After a creditor won relief from the automatic stay fair and square, this real estate partnership averted conversion from chapter 11 to chapter 7 by inveigling dismissal of the case. Then it bagged a new automatic stay by filing a chapter 7 case.

Although invited to dismiss the second case as a bad faith filing, a less drastic alternative is afforded by the incorporation of Federal Rule of Civil Procedure 60 into Federal Rule of Bankruptcy Procedure 9024. Where applicable, the alternative preserves the integrity of the relief from stay proceedings in the first case and finesses the conceptual complications inherent in denying all bankruptcy relief.[1]

---

1. The lack-of-good-faith attack poses the amorphous issue of whether the circumstances warrant dismissal and concomitant denial of all bankruptcy relief to debtor and to creditor

The order dismissing the first bankruptcy case will be vacated. An order converting the case to chapter 7 will be substituted in light of the debtor's manifested desire to maintain a bankruptcy case. As the first case will thereby be restored to active status, the second case will be dismissed in abatement as in the nature of a prior suit pending and as an interference with the estate that was created upon the filing of the first case.[2]

### FACTS

The debtor general partnership filed this chapter 11 case to protect its primary asset, real estate encumbered by a deed of trust securing $1.9 million owed to Security Pacific Bank ("Security Pacific"). It is not otherwise actively engaged in business. Unsecured debt owed to others (excluding insider debt) is $21,000.

Security Pacific obtained relief from the automatic stay. The property was worth only $1.3 million and was not necessary for an effective reorganization. The debtor actually contested the motion. The decision was rendered on the merits based on findings of fact and conclusions of law stated orally on the record in open court following the close of the evidence.[3] The order granting relief from stay was not appealed and became final.

The United States trustee subsequently moved to dismiss or convert to chapter 7 for cause under 11 U.S.C. § 1112(b) on theories of continuing loss to or diminution of the estate and absence of reasonable likelihood of rehabilitation. Moments before the hearing on that motion, debtor's counsel told the United States trustee's counsel that, as the property had been "lost to foreclosure," there was no need for a bankruptcy case and persuaded her to urge that dismissal, rather than conversion to chapter 7, was in the best interest of creditors and the estate. The case was dismissed.

The truth, however, was that the property had not yet been lost. The foreclosure sale had not been held. The debtor was marketing the property and knew that an offer was being made that very day in the approximate amount of the debt to Security Pacific.[4]

---

alike. The robust literature on the judicially-crafted doctrine of lack of good faith bespeaks the conceptual difficulties. *See, e.g.,* Comment, *Good Faith Inquiries Under the Bankruptcy Code: Treating the Symptom, Not the Cause,* 52 U.Chi.L.Rev. 795 (1985); Katz, *Single–Asset Real Estate Cases and the Good Faith Requirement: Why Reluctance to Ask Whether a Case Belongs in Bankruptcy May Lead to the Incorrect Result,* 9 Bankr.Dev.J. 77 (1992); *In re Victory Constr. Co.,* 9 B.R. 549 (Bankr.C.D.Cal.1981), *vacated as moot,* 37 B.R. 222 (Bankr.9th Cir.1984), *on remand,* 42 B.R. 145 (Bankr.C.D.Cal.1984) (Ayer, J.); 2 L. King, *Collier on Bankruptcy* ¶ 303.07[c] (15th ed. 1992).

2. *Freshman v. Atkins,* 269 U.S. 121, 123–24, 46 S.Ct. 41, 42, 70 L.Ed. 193 (1985); *cf. Stinnett v. Wilson,* 104 B.R. 303, 304–05 (Bankr.E.D.Cal. 1989). The second case could, in the alternative, be substantively consolidated with the earlier-filed case: "If two or more petitions are pending in the same court by or against the same debtor, the court may order consolidation of the cases." Fed.R.Bankr.P. 1015(a).

3. Federal Rule of Civil Procedure 52(a), requiring the court to find facts specially and state separately its conclusions of law thereon, applies in contested matters in bankruptcy. Specifically, Federal Rule of Bankruptcy Procedure 7052 provides:

Rule 52 F.R.Civ.P. applies in adversary proceedings.
Fed.R.Bankr.P. 7052.
Federal Rule of Bankruptcy Procedure 9014, governing contested matters (including relief from stay), provides in pertinent part:
unless the court otherwise directs, the following rules shall apply: ..., 7052, ....
Fed.R.Bankr.P. 9014.

4. The debtor argued that "changed circumstances" justified the second case and proffered an unauthenticated copy of a written offer executed about thirty minutes before the hearing on the dismissal of the first case. It was conceded that the debtor and the offeror had been engaging in negotiations and that the offer was expected. (There is no evidence that it was a bona fide offer.)

Despite the lack of foundation, the United States trustee did not object to introduction of the offer into evidence, allowed it to come in for its full probative value, and then used it as ammunition against the debtor. The timing of the offer graphically demonstrated that circumstances did not change after the case was dismissed.

As there was no request that the document be admitted for a limited purpose and as it (if provided a proper foundation) would have been admissible for the other purpose for which it

The debtor intended to block the foreclosure with a new bankruptcy case and new automatic stay. Had the truth been known, the case would have been converted to chapter 7 and not dismissed.

The filing of the chapter 7 case provoked a counterbarrage of motions to vacate the dismissal and convert the prior case to chapter 7, to lift the automatic stay under principles of res judicata,[5] and to dismiss the new case as a bad faith filing.

## I. Dismissing or Converting a Chapter 11 Case.

■ A motion made under section 1112(b) gives the court the option of dismissing or converting, regardless of whether the motion itself seeks only dismissal or only conversion. Upon the requisite showing of cause under section 1112(b), it is up to the court to choose between dismissal or conversion, "whichever is in the best interest of creditors and the estate." [6]

The court's choice between conversion and dismissal has important consequences. If this case had been converted to chapter 7, the order lifting the automatic stay would have remained in effect.[7] By dismissing and then filing a chapter 7 case, the debtor obtained a new automatic stay.

### A. Best Interest Test for Dismissal or Conversion

■ The standard for choosing conversion or dismissal based on "the best interest of creditors and the estate" implies a balancing test to be applied through case-by-case analysis. In the end, the determination is a matter for sound judicial discretion. 5 L. King, *Collier on Bankruptcy* ¶ 112.03[2][d].

### B. Best Interest of Creditors

The element of the best interest of creditors resolves itself primarily to the interest of Security Pacific, which is the sole secured creditor and which has 95 percent of the unsecured debt as a result of the $600,-

---

was actually used, it was permissible to let the party who tendered the evidence be hoist on its own petard. Fed.R.Evid. 105; B. Russell, *Bankruptcy Evidence Manual* § 105.1 (1991–92 ed.). Having proffered the evidence, the debtor cannot complain about its admission. Fed.R.Evid. 103(a); B. Russell at § 103.4.

5. In view of the restoration of the first case to active status and conversion to chapter 7, the questions of claim or issue preclusion need not be addressed. *See, e.g., In re Taylor,* 116 B.R. 728, 730–31 (Bankr.E.D.Cal.1990); B. Russell, *Bankruptcy Evidence Manual* § 2, at 5. *But see In re Saylors,* 869 F.2d 1434, 1438 (11th Cir. 1989); *In re Darling,* 141 B.R. 239 (Bankr. M.D.Fla.1992).

6. The statute provides:
(b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
(2) inability to effectuate a plan;
(3) unreasonable delay by the debtor that is prejudicial to creditors;
(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or modification of a plan;
(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;
(7) inability to effectuate substantial consummation of a confirmed plan;
(8) material default by the debtor with respect to a confirmed plan;
(9) termination of a plan by reason of the occurrence of a condition specified in the plan; or
(10) nonpayment of any fees or charges required under chapter 123 of title 28.
11 U.S.C. § 1112(b).

7. All is not necessarily lost merely because the automatic stay has been lifted to permit a creditor to proceed toward foreclosure. Negotiations are still permitted and are common where a rescue is in the offing. An injunction is still available in appropriate circumstances in an adversary proceeding in which the procedure for obtaining preliminary injunctions and temporary restraining orders is, like civil actions in United States district courts, governed by Federal Rule of Civil Procedure 65 (the court has the express option of not requiring security from trustee or debtor). 11 U.S.C. § 105(a); Fed. R.Bankr.P. 7001(7); Fed.R.Civ.P. 65, as incorporated by Feb.R.Bankr.P. 7065. Rule 60 relief might also be available. Fed.R.Bankr.P. 9024.

000 shortfall in the value of its collateral. As Security Pacific had obtained permission to proceed with foreclosure, its interest favors keeping the bankruptcy case open so that the relief from the automatic stay remains unambiguously effective while it proceeds with foreclosure.

■ It is not necessary that the interest of *every* creditor actually favor conversion. There is no specific numerosity requirement inherent in section 1112(b) best interest test. The interest of a single creditor with a large enough claim will suffice. *Goodrich v. Lines*, 284 F.2d 874, 877 (9th Cir.1960) (Bankruptcy Act). Here, the interest of Security Pacific is sufficient to warrant conversion without regard to the other unsecured creditors, because the unsecured amount owed Security Pacific comprises more than 95 percent of the total unsecured debt.

Nevertheless, the best interest of other unsecured creditors (except insiders) does not necessarily cut against conversion. The debtor's argument that the unsecured creditors (none of whom were heard from) would fare better outside of bankruptcy (or with foreclosure stayed indefinitely) overlooks the possibility that a chapter 7 trustee could reach other assets on several theories.

A chapter 7 trustee has a veritable arsenal of bankruptcy and nonbankruptcy rights. The trustee's basic bankruptcy avoiding powers may bear fruit. The trustee has a claim, based on federal law, against each of the general partners for any insufficiency of assets to pay liabilities. 11 U.S.C. § 723. And there are state law rights. Under both California law and the Uniform Partnership Act, the assets of a partnership include the contributions of partners necessary for payment of all liabilities owing to creditors. Cal.Corp.Code § 15040; Uniform Partnership Act § 40. Thus, the unsecured creditors may be no worse off in chapter 7 than outside of bankruptcy entirely.

**8.** The avoidable preference and the trustee's "strong-arm" powers, for example, are creatures of bankruptcy law.

## C. Best Interest of the Estate

The element of the best interest of the estate focuses upon whether the economic value of the estate is greater inside or outside of bankruptcy. The estate is defined in terms of interests in property. 11 U.S.C. § 541(a). It is a broad definition that sweeps in, for example, the trustee's rights to recover property. 11 U.S.C. § 541(a)(3). As the trustee's powers to recover property are generally greater than would be available outside of bankruptcy,[8] this factor tends to favor conversion where there is not continuing revenue-generating activity.

The best interest of the debtor is *not* specifically a factor under section 1112(b). The Congress omitted specific reference to the interest of the debtor when it required focus on "best interest of creditors and the estate." 11 U.S.C. § 1112(b).

Is omission of the interest of the debtor from the statutory language significant or just sloppy draftsmanship? The language of related provisions in the same statute shows that it is significant. Under the abstention provision, a case can be dismissed if the "interests of creditors and the debtor would be better served" by such actions. 11 U.S.C. § 305(a). The Congress knew how to make the debtor's interest a factor in section 1112(b) and chose not to do so.

■ The debtor's interests do enter the equation, but only insofar as they coincide with interests of the estate.[9] Those interests, it need hardly be said, do not always coincide. As already noted, the prime criterion for assessing the interest of the estate is the maximization of its value as an economic enterprise. Persons in control of the debtor commonly have other interests that are inconsistent with vigorous maximization of the value of the economic enterprise.

## D. The Balance in this Case

At the time of the decision to dismiss this case, the calculus tipped in favor of dis-

**9.** The relation of the debtor to the estate is primarily defined by 11 U.S.C. § 541.

missal only if the debtor did not intend to file a new bankruptcy. Security Pacific, having obtained relief from stay, was better off with the case remaining in bankruptcy. Other creditors and the estate, faced with the actual prospect of losing the real property to Security Pacific, would fare better in chapter 7 because of the availability of the trustee's avoiding powers as other sources of value. Moreover, the absence of business activity by the debtor suggested little opportunity for enhancing estate value outside of bankruptcy.

## II. Procedure Applicable to Motions to Dismiss or Convert Chapter 11 Cases.

■ Under bankruptcy procedure, a motion to dismiss or convert a case pursuant to section 1112(b) is a "contested matter" that is processed as a motion rather than as a separate adversary proceeding. Fed. R.Bankr.P. 1017(d) and 9014.[10] Contested matters come to issue on a much faster track but share many familiar procedures with adversary proceedings and civil actions.[11]

■ Although commonly titled as an "order", the document resolving a contested matter is, under the rules, a "judgment" that is to be rendered in the same fashion

as the judgment in an adversary proceeding or in a civil action in a United States district court. That is, it must be a separate document prepared and entered as provided by Federal Rule of Civil Procedure 58. Fed.R.Bankr.P. 9021.[12]

■ Relief from the judgment in a contested matter may be obtained by way of Federal Rule of Civil Procedure 60. Fed. R.Bankr.P. 9024.[13] There being no contrary direction in the rules, the standards for Rule 60 motions in contested matters are identical to the standards applicable in adversary proceedings and in civil actions in United States district court.[14]

Since the order dismissing or converting a chapter 11 case is a judgment that resolves a contested matter, it is susceptible of a motion for relief under Rule 60, as incorporated by Rule 9024. Cf. 9 L. King, Collier on Bankruptcy ¶ 9024.05 (15th ed. 1992). Here, the United States trustee and Security Pacific have made such motions.

### A. The Rule 60 Motions

The United States trustee and Security Pacific have sought such relief under Federal Rules of Civil Procedure 60(b)(1), 60(b)(2), and 60(b)(3) as part of their multipronged attack on the serial filing.

---

10. Rule 1017(d) provides in pertinent part:
 A proceeding to dismiss a case or convert a case to another chapter, except pursuant to §§ 706(a), 707(b), 1112(a), 1208(a) or (b), or 1307(a) or (b), is governed by Rule 9014. Fed.R.Bankr.P. 1017(d).

11. For example, they share the rules for taking discovery, dismissal, testimony, compelling attendance of witnesses, making findings, rendering judgments, and entering defaults. Fed. R.Civ.P. 26–37, 41, 43, 52, 54–55, incorporated by Fed.R.Bankr.P. 7026–37, 7041, 7052, 7054–55, 9014, 9017.

12. Rule 9021 provides:
 Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules. Fed.R.Bankr.P. 9021.

13. Rule 9024 provides:
 Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330. Fed.R.Bankr.P. 9024.

14. Professors Wright and Miller are no longer accurate in their statement that "Rule 60 governs bankruptcy proceedings 'as nearly as may be' insofar as they are inconsistent with the Bankruptcy Act or with the General Orders in Bankruptcy." 11 C. Wright & A. Miller, Federal Practice & Procedure § 2852 (1992). Current rules provide that Rule 60 does govern, with the three narrow exceptions stated at Rule 9024.

Those portions of Rule 60(b) provide that a court may relieve a party from a final judgment for certain enumerated reasons, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; and (3) fraud, misrepresentation, or other misconduct of an adverse party. Fed.R.Civ.P. 60(b)(1)–(3).

█ Whether to grant relief is within the sound discretion of the trial court. *Thompson v. Housing Authority*, 782 F.2d 829, 832 (9th Cir.1986) (Rules 60(b)(1) and (6)); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.1983) (en banc); *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir.1975); 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2857 (1992); 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.19 at 60–149 (1992).

Equitable principles apply. The court should bear in mind the entrenched, but competing, policies favoring finality, decisions on the merits, and avoiding injustice. Intervening equities, potential hardship to other persons, and prejudice to a party can vitiate an otherwise strong argument for relief. 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2857 (1992); 7 J. Moore & J. Lucas, ¶ 60.19 at 60–164 to –166 (1992).

█ Intervening equities are pertinent to a Rule 60 motion for relief from an order or judgment in a bankruptcy contested matter that, often, has bystanders who are affected by the outcome. For example, the motions in many contested matters must be on notice to all creditors,[15] and they have standing to appear and be heard. There is potential for such persons to change their positions in good faith reliance on the finality of the court's decision.

And intervening equities loom even larger where the order is one dismissing a case. If revoked, the automatic stay would automatically spring back into existence retro-

actively. Then one would have to grapple with the question of whether to annul the stay for transactions that occurred in the interim.[16]

A case involving few assets and few creditors is not so vulnerable to intervening equities because there is little opportunity for them to arise. However, the existence of a long interval, a large number of creditors, or substantial post-dismissal transactions may result in revocation of dismissal creating more problems than it solves.

With that said, attention shifts to the situation posed by this case.

### 1. *Rule 60(b)(1)*

It is first contended that the dismissal of the chapter 11 case was obtained by mistake. Fed.R.Civ.P. 60(b)(1).

█ To obtain such relief, the movant must justify its actions or show that the mistake was unexpected and unavoidable rather than careless. *In re M.V. Peacock*, 809 F.2d 1403, 1405 (9th Cir.1987); *cf.* B. Russell, *Bankruptcy Evidence Manual* § 301.58.

█ The asserted mistake in this instance was the movant's interpretation of the representation that there was no further need for the bankruptcy case to mean that the debtor did not intend to refile. That interpretation is an ordinary and reasonable inference that was justified and that cannot be chalked off to carelessness. The *Peacock* standard is amply satisfied.

### 2. *Rule 60(b)(2)*

█ Next, it is contended that there is newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial. Fed.R.Civ.P. 60(b)(2).

The newly discovered evidence is the debtor's intent to file another bankruptcy case. The moving party has submitted a declaration to the effect that if the true

15. *See* Fed.R.Bankr.P. 2002.

16. The void/voidable split in the circuits regarding the effect of acts in violation of the stay also rears its head. The decisions of the Fifth and Ninth Circuits in *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir.1989) (voidable), and *In re Schwartz*, 954 F.2d 569 (9th Cir.1992) (void), illustrate the debate.

facts had been known, it would have sought conversion rather than acquiescing in dismissal of the chapter 11 case. No amount of diligence at the time of the hearing on the motion to dismiss could have uncovered the debtor's subjective intent to refile.

### 3. *Rule 60(b)(3)*

 Finally, it is contended that the dismissal was procured by fraud, misrepresentation, or other misconduct of the debtor. Fed.R.Civ.P. 60(b)(3).

It is apparent that debtor's counsel misrepresented the state of affairs and its intentions with respect to the subject property. Debtor represented that the property had been "lost to foreclosure," when in fact the debtor intended to sell the property and was prepared to file another petition to ensure that the sale was protected by the automatic stay and could be consummated prior to foreclosure.

 Although most decisions under this rule are couched in terms of fraud, a negligent misrepresentation will suffice. *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir.1988); *Peacock,* 809 F.2d at 1405; *United States v. One (1) Douglas A–26B Aircraft,* 662 F.2d 1372, 1374–75 n. 6 (11th Cir.1981); *Bros. Inc. v. W.E. Grace Mfg. Co.,* 351 F.2d 208, 211 (5th Cir.1965), *cert. denied,* 383 U.S. 936, 86 S.Ct. 1065, 15 L.Ed.2d 852 (1966).

In the Ninth Circuit, the moving party must demonstrate that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case. *Peacock,* 809 F.2d at 1405.[17]

The *Peacock* standard is, once again, amply satisfied. The misrepresentations, at a minimum, prevented the movant from presenting the case for conversion. In fact, I am persuaded by clear and convincing evidence that they were made with intent to deceive.

### B. Interests of Finality

Finality undergoes a paradoxical twist in the context of a bankruptcy case that is dismissed after the automatic stay is lifted. The interest of finality for the order dismissing the case competes with the interest of finality for the order lifting the automatic stay. Honoring one necessitates eviscerating the other.

The dominant finality interest is appropriately accorded to the stay relief order rather than to the order dismissing the case where the main purpose of the dismissal is to subvert the finality of an unappealed order granting relief from the automatic stay that was rendered after full litigation on the merits.

### C. Intervening Equities

The potential that intervening equities may have arisen remains as the sole impediment to granting the Rule 60 motion. In this instance, the interval between cases was a matter of a few days. The creditors remain the same. There is no hint that they changed their positions in good faith reliance on the finality of the dismissal.[18] In short, no intervening equities counsel against revoking the order dismissing the case.

*Peacock,* 809 F.2d at 1405.

---

**17.** It is, however, a test on a sliding scale. The more culpable the offending conduct, the more readily an inability to present one's case may be inferred:

> Although the requirement of a causal nexus between one party's misrepresentations and the other party's inability to prepare the case is particularly crucial in the context of negligently-made misrepresentations arising out of a mutual mistake, we think a different case would be presented if the Shipowners' misrepresentations had been made with the intent to deceive Craig or her counsel.

**18.** Other than Security Pacific, there are but two unsecured, noninsider creditors (a $1,000 utility bill and a consultant, $20,000) and one priority creditor (property taxes, $23,404.63). Those same creditors are listed in the second case. The sole additional creditor is the debtor's counsel from the first case, who is unable to establish good faith reliance on the finality of order of dismissal.

## CONCLUSION

All three of the reasons enumerated under Federal Rules of Civil Procedure 60(b)(1), (2), and (3) independently justify relief from the order dismissing debtor's chapter 11 case. Proper respect for principles of finality and decisions on the merits are served by such relief. No intervening equities complicate the matter.

 The dismissal will be vacated and replaced by an order to convert the case to chapter 7. That is the result that would have been obtained at the May 7, 1992, hearing if the debtor's hidden agenda had been known. Because the debtor's prior chapter 11 case is reinstated, the subsequent filing of a chapter 7 petition will be dismissed for cause under section 707(a) as in the nature of a prior suit pending. 11 U.S.C. § 707(a). The final order granting Security Pacific relief from the automatic stay is unaffected.

An appropriate order will issue.